THOMAS W. GRIFFITH, APPELLANT, v. JOHN G. HENDERSON, APPELLEE.

1. If an appeal is taken within thirty days from the first day of the next succeeding term of the Supreme Court, it must, by the terms of the statute, be made returnable to a day in such term more than thirty days and not more than fifty days from the date of such appeal. If in such case the appeal be made returnable to the first day of the term it is entered in direct violation of the statute and confers no jurisdiction upon the Supreme Court.

2. An appeal entered on May 17, 1906, and made returnable "to the Supreme Court of Florida, at its term beginning on the second Tuesday of June, A. D. 1906," was by the language used made returnable to the first day of the June term, 1906, which by law began on the second Tuesday of June, 1906.

3. Where an appeal is taken on May 17, 1906, and made returnable to the first day of the June term, 1906, which day was the 12th day of June, and less than thirty days from the entry of the appeal, such appeal is taken in direct

violation of the statute and is void, and confers no jurisdiction on the Supreme Court of the subject-matter of the appeal.

4.   Where an appeal to the Supreme Court made returnable in violation of the statute so as to be void and to confer no jurisdiction of the subject-matter upon the Supreme Court, the appearance of the appellee cannot of itself give the court jurisdiction of the subject-matter of the appeal, and such an appeal so taken should be dismissed by the court *sua sponte*.

This case was decided by Division A.

Appeal from the Circuit Court for Washington County.

The facts in the case are stated in the Opinion of the Court.

*Maxwell & Reeves,* for Appellant;

*Benj. S. Liddon,* for Appellee.

WHITFIELD, J.: The entry of appeal and the endorsement thereon in this cause are in the following words: "Thomas W. Griffith, the respondent in the above entitled cause, hereby applies for and enters an appeal in the above entitled cause, from the order or decree herein made and rendered in this cause on the 5th day of May, A. D. 1906, to the Supreme Court of Florida, at its term beginning on the second Tuesday of June, A. D. 1906. The Clerk of said court will forthwith record this entry of appeal in the Chancery Order Book of the said court, and endorse on the back hereof the time and page of such entry." "Filed and recorded in chancery order book at page 128

this May 17th, 1906.  W. L. Lockey, Clerk Circuit Court."

If an appeal is taken within a period of less than thirty days from the first day of the next succeeding term of this court, it must be made returnable to a day in such term more than thirty days and not more than fifty days from the date of such appeal.  If in such cases the appeal be made returnable to the first day of the term it is entered in direct violation of the law and confers no jurisdiction upon this court.  Garrison v. Parsons, 41 Fla. 143, 25 South. Rep. 336; Spencer v. Travelers' Insurance Co., 39 Fla. 677, 23 South. Rep. 442.

The appeal in this case was entered May 17th, 1906, and made returnable "to the Supreme Court of Florida, at its term beginning on the second Tuesday of June, A. D. 1906."  This language makes the appeal returnable to the first day of the June term, which by law begins on the second Tuesday in June.  Swain v. London & Lan. Fire Ins. Co., 49 Fla. 397, 38 South. Rep. 3.  The second Tuesday of June 1906, was the 12th day of the month, and only 26 days from May 17th, the date of the entry of the appeal.  The appellee has appeared in this court by filing briefs on the merits and has made no motion to dismiss the appeal because of the defective entry of appeal, but since the entry of appeal is void and confers no jurisdiction on this court of the subject matter of the cause, the appearance of the appellee cannot give jurisdiction of the subject matter.  This court must have both the subject matter and the parties before it in order to give it jurisdiction of an appeal.  The appearance of the appellee would give the court jurisdiction of the person if the cause of action were here by a valid entry of appeal.  As the entry of appeal is void and gives no jurisdiction to this court of the subject matter of the appeal, the appeal must be dis-

missed even though appellee has made no motion for that purpose.

It is so ordered.

SHACKLEFORD, C. J., and COCKRELL, J. concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.