SAMUEL S. LOWE, *Appellant*, v. AMELIA E. DELANEY *et al., Appellees.*

APPELLATE PRACTICE—APPEAL RETURNABLE TO WRONG TERM— OMITTING NECESSARY PARTIES TO APPEAL.

1. When under the law an appeal taken should have been made returnable to the next ensuing term of the appellate court after its entry, but, instead, was made returnable to the second term of such court thereafter, it is fatal to the appeal and it will be dismissed.

2. The use of the Latin abbreviation "*et al.*" in the entry of an appeal will not include anyone as a party to such appeal except those who are expressly and fully named as parties in such entry of appeal; and where the appeal is from a decree in partition all the parties to such decree must expressly and by name be made parties to such appeal, otherwise such appeal will be dismissed for want of necessary parties.

3. An amendment of an appeal so as to bring in new parties appellant will not be allowed after the expiration of the time limited by law for taking appeals.

This case was decided by the court *En Banc.*

Petition for re-instatement.

The facts in the case are stated in the opinion of the court.

*H. H. Taylor* and *E. M. Semple,* for petitioner.

PER CURIAM.—This cause came on at this day upon a petition filed by the appellant praying for a re-instatement of the cause upon the dockets of this court—the same having been heretofore, on June 19th, 1907, dismissed here. The cause was heretofore dismissed upon two grounds, *viz*: (1) Because the appeal was entered on November 21st, 1906, and was made returnable to the June term, 1907, of this court, thereby jumping over the January term, 1907, to which under the law such appeal should have been made returnable and the transcript of record in the cause was not filed here until the first day of June, 1907.

(2). Because the appeal was from a decree in a suit for partition and yet only two of the parties to such suit were made parties to the appeal, *viz*: Samuel S. Lowe as sole party appellant, and Amelia E. DeLaney as party appellee. The entry of appeal attempts to include other unknown parties as appellees by the use of the abbreviation *"et al.,"* but, as was held in the cases of state *ex rel.* Andreu v. Canfield, 40 Fla. 36, 23 South. Rep. 591, and Cornell v. Franklin, 40 Fla. 149, 23 South. Rep. 589, the use of such an abbreviation does not include anyone as a party to an appeal except such as are expressly and fully named in the appeal. It was held in the same cases that the amendment of an appeal by bringing in new parties appellant was as to such new parties an appeal entered for the first time at the date of such amendment, and that such an amendment bring-

ing in new parties appellant would not be permitted after the lapse of the time allowed by law for taking appeals. A re-instatement of the cause at this time could result in no benefit to the appellant petitioner for the reason that if the cause was re-instated he would stand before the court with his appeal in exactly the same predicament that it occupied before—*viz*: made returnable to the wrong term of this court, and with an incurable defect of necessary parties—both of which defects are fatal to the appeal and would necessitate again its dismissal. The petition for re-instatement must, therefore, of necessity be, and the same is, hereby denied at the cost of the petitioner.

All concur.