WALTER L. PARKER *et al.*, COUNTY COMMISSIONERS, AND JOHN S. McFALL, TAX COLLECTOR OF HILLSBOROUGH COUNTY, *Appellants*, v. THE EVENING NEWS PUBLISHING COMPANY, A CORPORATION, *Appellee*.

1. Chapter 5638, laws of 1907, containing the provision "this act shall take effect immediately on becoming a law" went into effect on its approval by the governor.

2. Chapter 5638, laws of 1907, amending section 1698 of the general statutes, relating to procurement and effect of writs of error, applied also to appeals in equity causes.

This case was decided by the court *En Banc*.

Appealed from the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*C. C. Whitaker* and *F. M. Simonton,* for motion;

*Sparkman & Carter* and *D. C. McMullen, contra.*

COCKRELL, J.—It is moved that the appeal herein be dismissed because entered within the term and made returnable to a day within the term. The solution of the question presented depends upon the proper construction of chapter 5638 of the laws of 1907, entitled "An Act to Amend Section 1698 of the General Statutes of the State of Florida, relating to Procurement and Effect of Writs of Error," approved June 3, 1907.

The appeal was entered on the eleventh day of July, within sixty days of the final adjournment of the session of the legislature, and a doubt has been suggested in this and other motions now pending as to the effect to be given the third section of the act, which reads: "This act shall take effect immediately on becoming a law." It has been argued before us that the phrase is not only unusual, perhaps unique, in legislation in this state, but is vague, uncertain and meaningless, and does not meet the inhibition of the constitution that "No law shall take effect until sixty days from the final adjournment of the session of the legislature at which it may have been enacted, unless otherwise specially provided in such law." We see no substantial difficulties presented in these objections; to the contrary the language employed in this legislation seems peculiarly apt to meet the various situations that may arise. That an act may be the law though not yet effective seems clearly recognized in the constitution itself, and that instrument has clearly foreseen and definitely declared when an act may become a law, in the varying circumstances of the executive approval, active or passive, or the passage over his veto by the legislature; while the more usual phrase "upon

approval by the governor" has given rise to questions in the two last named contingencies. We think the legislature has "otherwise specially provided in such law" that the act should go into immediate effect and that Chapter 5638 became operative on the third of June, 1907, the date of the approval.

Does this act also change the return days for *appeals* as well as for writs of error? This question has been practically answered by this court in Spencer v. Travelers' Ins. Co., 39 Fla. 677, 23 South. Rep. 442. It was there said that appeals in the matter of return days followed the analogy of writs of error without special legislation, and this has been further emphasized and enforced by the late revision in which we find section 1912, as follows: "1912. Application to appeals in chancery, of certain provisions relating to writs of error.— The provisions of law relating to writs of error governing the filing of transcripts of record, and proceedings thereon, and filing assignments of errors, the duty of appellate court in examining the record and giving judgment, in causing execution of its decrees and in quashing writs of error, shall be applicable to appeals in chancery."

The cutting down of the time for securing review by this court of the rulings of the trial courts was more urgent in cases in equity than at law, and we are not to presume that the legislature intended to favor the latter rather than the former, but are more constrained to hold that being familiar with our holding in the Spencer case and the continuing rule affecting appeals as contained in section 1912 of the General Statutes, the legislature thought it necessary to mention only writs of error and leave it to the courts by necessary construction to enforce the analogy as to appeals.

The appeal was properly entered to a day within

the term and the second appeal sued out to the next ensuing term will be treated as a nullity and ignored.

The appellant was one day late in serving the appellee with a copy of the transcript, but the delay has been satisfactorily explained.

The motion to dismiss is denied.

SHACKLEFORD, C. J., TAYLOR, HOCKER, WHITFIELD, and PARKHILL, JJ., concur.