NICHOLS & JOHNSON, *et al.*, *Appellants*, v. W. L. FRANK, *et al.*, *Appellees.*

1. In equity appeals the appellants ask for a reversal of the

decree appealed from, and they should have all interested parties before the court.

2. Where the appellate court is asked to determine the correctness of a decree on the main equities of the cause *e. g.* the subjection of the land to the debts of creditors, all who are interested in and benefited by such decree are entitled to be heard, and should be before the court by proper proceedings if they were parties to the cause in the court below.

3. Where all the appellees directly and substantially interested in the main feature of a decree, on which the rights of all the appellees depend, are not before the court so that complete justice may be done in orderly procedure, the court will decline to consider the merits of the cause and dismiss the appeal.

4. Where all the appellees were before the court, but the cause was dismissed as to one of the appellees, the main equities of the cause, on which the rights of all the appellees depend, will not be considered by the court and the cause will be dismissed.

This case was decided by the court En Banc.

Appealed from the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*E. R. Gunby* and *W. H. Jackson,* for Appellants;

*F. M. Simonton,* for Appellees.

WHITFIELD, C. J.—This appeal is from a decree setting aside a conveyance of land and subjecting the land to the debts of a partnership of which the grantor was a member. The appeal was dismissed as to one of the appellees in whose favor the payment of a claim was included in the decree. Upon taking up the case for final disposition on the merits it appears that the question to be determined is whether the land was rightly subjected to the payment

of the debts of the firm and not whether the amounts stated in the decree are properly adjudicated in favor of the several appellees.

In determining the correctness of the decree on the main equities of the case, to-wit, the subjection of the lands to the debts of creditors, all who are interested in and benefited by such decree are entitled to be heard. The appellants ask a reversal of the decree and they should have all interested parties before the court. Should the decree rendering the land subject to the debts be reversed it is obvious that either the appellee who is not here would be injured thereby without a hearing or else the decree of this court will be anomalous in reversing a decree on which all the claims adjudged depend, except as to one appellee who is not heard but who has no better right than those who are heard on the appeal.

As all the appellees directly and substantially interested in the main feature of the decree, on which the rights of all the appellees depend, are not before the court so that complete justice may be done in orderly procedure, the court must decline to consider the merits of the cause and dismiss the appeal. See 2 Cyc. 764; see also Continental Nat. Building & Loan Ass'n. v. Miller, 41 Fla. 418, 26 South. Rep. 725.

It is so ordered.