HENRY VOGT MACHINE COMPANY, A CORPORATION, *Appellant*, v. MILTON LAND & INVESTMENT COMPANY, TRUSTEE, *Appellee.*

Opinion Filed October 19, 1917.

1. In equity appeals the appellants ask for a reversal of the decree appealed from, and they should have all interested parties before the court.

2. Where the appellate court is asked to determine the correctness of a decree all parties who are interested in and benefitted by such decree are entitled to be heard, and should be before the court by proper proceedings if they were parties to the cause in the court below.

3. The acknowledgment by counsel of service of a copy of the written directions to the Clerk to make up the transcript, with consent that he should at once commence the preparation of the same, is no waiver of the right to move to dismiss an appeal on the ground of a void or irregular entry thereof.

4.   Where indispensably necessary parties are omitted from an appeal, such appeal will be dismissed, *sua sponte*, by the court.

5.   Where a decree in equity is entered in favor of a complainant against one of the several defendants, and the decree does not directly affect any of the other defendants, the injured defendant alone may take a separate appeal, which if duly recorded will bring the complainant before the appellate court as appellee.

6.   Where a chancery decree or a severable portion thereof is in favor of the complainant and 'of one or more of the defendants and against one or more of the other defendants who appeal and assign such decree as error, the defendants in whose favor the decree is rendered should be brought here by making them parties appellant and if necessary with the service of a summons as for severance; 'or equivalent proceeding.

7.   Where a decree is in part in favor of the complainant and of some of the defendants and against another of the defendants, and the latter takes an appeal in his own name only, and assigns error on part of the decree in favor of the complainant and some of the defendants, such appeal may be dismissed for want of proper parties, unless the defendants who are not made appellants in some way appear in the cause in this court.

8.   Where an entry of appeal is sufficient to give to the appellate court jurisdiction of the cause, but not of all the parties thereto, and the absent parties appear in the appellate court by joining in a suggestion of the diminution of the record such action will be a general appearance in the cause in this court; and a pending motion to dismiss the appeal for want of proper parties will be denied.

Motion denied.

*Price & Carter* and *Thos. E. Walker,* for Appellant;

*Wm. B. Farley,* for Appellee.

WHITFIELD, J.—In a foreclosure proceeding brought by the appellee wherein the defendants claimed priorities among themselves, a decree was rendered settling the equities. An entry of appeal in the cause was made as follows:

"In Jackson County Circuit Court
State of Florida in Chancery:

MILTON LAND & INVESTMENT COMPANY, A CORPORATION, TRUSTEE, *Complainant,* vs. MARIANNA MANUFACTURING COMPANY, A CORPORATION, THE MARIANNA REFRIGERATING CO., A CORPORATION, M. R. BURTON, M. L. DEKLE, C. C. LIDDON, W. H. MILTON, CECIL RHYNE AND B. H. SIMMONS, FIRST NATIONAL BANK OF MARIANNA, A CORPORATION, C. C. LIDDON AND M. L. DEKLE AS TRUSTEE, F. M. McHALE AS TRUSTEE IN BANKRUPTCY, SATIRA MARTIN AND J. B. MARTIN HER HUSBAND AND CORA LEE WILSON, AND HENRY VOGT MACHINE COMPANY, A CORPORATION, *Defendants.*

An appeal is hereby taken, and notice thereof given, by the Henry Vogt Machine Company, a corporation, a defendant, to the Supreme Court of Florida, returnable to July 9, 1917, from the decree of foreclosure rendered herein on April 4th, 1917.
This April 23, 1917.

THOS. E. WALKER,
PRICE & CARTER,
Attorneys for said defendants."

Written directions to the clerk of the lower court for making up the transcript of the record on appeal and an

assignment of errors were filed for "the said defandant Henry Vogt Machine Company, a corporation." The following copy of a receipt appears in the transcript:

"Received of counsel for Henry Vogt Machine Company, a corporation, a true copy of the assignment of errors and written directions for making up the tran-script of record on appeal, in the above stated case of Milton Land & Investment Company, a corporation, trustee, *et al* vs. Marianna Manufacturing Company, a corporation, et als., at Marianna, in said Circuit, this the 11th day of June, A. D. 1917.

PAUL CARTER,

Sol. for First National Bank, Satira Martin and Cora Lee Wilson, M. L. Dekle, and C. C. Liddon, Trustees, C. C. Liddon, M. R. Burton, M. L. Dekle, W. H. Milton, Cecil Rhyne and B. H. Simmons.

JOHN H. CARTER,

Sol. for Marianna Mfg. Co., Marianna Refrigerating Co., F. M. McHale Trustee in Bankruptcy.

WM. B. FARLEY,

Sol. for Milton Land & Investment Company, Trustee, and J. C. Folsom."

Cross assignments of error and written directions to include the cross assignment in the transcript were filed for "the defendants M. R. Burton, M. L Dekle, C. C. Liddon, W. H. Milton, Cecil Rhyne and B. H. Simmons," and for "the defendants C. C. Liddon and M. L. Dekle as trustee," and for "the defendant Thos. W. Conely successor in trust to said F. M. McHale, trustee, deceased," and for "the complainant Milton Land & Investment Company." In the decree it is "ordered, adjudged and decreed that the defendant, Henry Vogt

Machine Company, a corporation, have no lien upon the property of the said defendant, Marianna Manufacturing Company, or any part thereof, as against the liens of the complainant, and of the defendant, First National Bank of Marianna, Satyra Martin, Cora Lee Wilson hereinbefore adjudged, but that its claim is superior to the lien of the defendants, M. R. Burton, M. L. Dekle, C. C. Liddon, W. H. Milton, Cecil Rhyne, and B. H. Simmons, and that the relief prayed for by the defendant, Henry Vogt Machine Company, be and the same is hereby denied."

The appellant Henry Vogt Machine Company, a defendant below, assigns as error the portion of the decree adjudging that the liens of the defendants The First National Bank of Marianna, Satyra Martin, Cora Lee Wilson and the Milton Land & Investment Company are superior to the claim of the appellant Henry Vogt Machine Company.

The Milton Land & Investment Company, appellee, moves to dismiss the appeal taken only by the Henry Vogt Machine Company on the grounds that other defendants in the court below are necessary parties but are not made parties, and that the appeal is not properly taken.

In equity appeals the appellants ask for a reversal of the decree appealed from, and they should have all interested parties before the court. Where the appellate court is asked to determine the correctness of a decree  *  *  * all who are interested in and benefitted by such decree are entitled to be heard, and should be before the court by proper proceedings if they were parties to the cause in the court below. Nichols & Johnson v. Frank, 59 Fla. 588, 52 South. Rep. 146.

The acknowledgment by counsel of service of a copy

of the written directions to the clerk to make up the
transcript, with consent that he should at once commence
the preparation of the same, is no waiver of the right to
move to dismiss an appeal on the ground of a void or
irregular entry thereof.   Spencer v. Travelers' Ins. Co.
39 Fla. 677, 23 South. Rep. 442.

Where indispensably necessary parties are omitted
from an appeal, such appeal will be dismissed, *sua sponte,*
by the court.   Ferris v. Ferris, 43 Fla. 358, 31 South.
Rep. 345.

Where a decree in equity is entered in favor of a com-
plainant against one of several defendants, and the
decree does not directly affect any of the other defend-
ants, the injured defendant alone may take a separate
appeal, which if duly recorded will bring the complainant
before the appellate court as appellee.   But where a
chancery decree or a severable portion thereof is in favor
of the complainant and of one or more of the defendants
and against one or more of the other defendants who
appeal and assign such decree as error, as in this case,
the defendants in whose favor the decree is rendered
should be brought here by making them parties appellant
and if necessary with the service of a summons as for
severance, or equivalent proceeding.   This gives to the
appellate court jurisdiction of the parties against whom
relief is sought, and it being an equity cause the court
may make proper decrees binding on all the parties
before it.   In such case the complainant below is made
appellee and is brought here by a proper record of an
appropriate entry of appeal; and the defendants in
whose favor the decree is rendered against the appealing
defendants, are brought in by making them appellants in
the entry of appeal; and if they refuse to join in the

appeal, the complaining defendant may have service of summons to appear made upon such defendants, which gives the appellate court jurisdiction to make proper orders and decrees in the progress and disposition of the appeal. See Jones v. Stewart, 37 Fla. 369, 19 South. Rep. 657.

The appeal herein is taken by only one of the many defendants in the court below. This appeal transfers the cause to the jurisdiction of this court and when duly recorded brings the appellee into this court by operation of the statute making the record of the entry of appeal a substitute for a citation duly served. While this brings the appellee, the complainant below, into this court, the defendants other than the one taking the appeal are not brought here since the appeal is expressly taken by only the one defendant though others are mentioned in the caption of the entry of appeal. If those of the defendants below for whom cross errors are assigned here are thereby brought into this court, other defendants who were not joined in the entry of appeal and who have not assigned cross errors are not brought here. The decree specifically adjudges that the defendant Henry Vogt Machine Company has no lien upon the property in controversy as against the liens of the complainant and of the defendants "First National Bank of Marianna, Satyra Martin, Cora Lee Wilson hereinbefore adjudged," but that its claim is superior to the lien of the defendants, M. R. Burton, M. L. Dekle, C. C. Liddon, W. H. Milton, Cecil Rhyne, and B. H. Simmons, and that the relief prayed for by the defendant, Henry Vogt Machine Company, be and the same is denied.

The defendant Henry Vogt Machine Company, the sole appellant, seeks to have the decree against it in favor of the complainant and of other defendants the First

National Bank of Marianna, Satyra Martin, Cora Lee Wilson, review and reversed here when the latter parties against whom the relief is here sought are not brought before the court by being included as participants in the entry of appeal; and these defendants have not assigned cross errors and the receipt given by counsel for such defendants for a copy of the assignment of errors and written directions to the clerk does not bring such defendants into this court. See Spencer v. Travelers' Ins. Co., 39 Fla. 677, 23 South. Rep. 442; Pyles v. Beall, 37 Fla. 549, 20 South. Rep. 775.

The entry of appeal is sufficient to transfer the cause to this court and since the motion to dismiss the appeal herein was made, counsel for the defendants below, The First National Bank, Cora Lee Wilson and Satyra W. Martin, has filed in this cause a written consent and joinder in a suggestion of diminution of the record which brings the said defendants into court. See Southern States Land & Timber Co. v. Lowe, 61 Fla. 775, 55 South. Rep. 73.

Motion to dismiss denied.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.