FAYE STOVALL, *Appellant*, v. WALLACE F. STOVALL, *Appellee*.

## Opinion Filed January 30, 1919.

1.  A proper entry of an appeal filed with the clerk gives the Appellate Court jurisdiction of the cause of action; and the due recordation of the entry of appeal in the Chancery Order Book gives the Appellate Court jurisdiction of the appellees.

2.  Where an injunction is granted against two parties in a cause and only one of the parties appeals from the order, but the other party appears to have a substantial right or duty therein, the appeal will be dismissed.

3.  The Statute requires that appeals "shall be returnable *to a day* * * * *more* than thirty days and not more than ninety days from the date of the" appeal.

4.  Where an appeal is made "returnable to a day in the J. Term 1917, of this court, not less than thirty nor more than ninety days after the date of the filing and recordation of this entry of appeal," without naming any returning day, and one of the parties interested in an order appealed from is not made a party in this court and has not appeared herein, the appeal will be dismissed.

Appeal from the Circuit Court for Hillsborough County; F. M. Robles, Judge.

Appeal dismissed.

*M. B. Macfarlane* and *R. E. L. Chancey,* for Appellant;

*Horace C. Gordon, Victor H. Knight* and *John P. Wall,* for Appellee.

PER CURIAM.—The following is the entry of the appeal herein:

"Wallace F. Stovall,

"vs.

"Faye Stovall and First
Savings & Trust Company
of Tampa, a corporation.

"And now on this 3rd day of May, A. D. 1917, comes Faye Stovall, one of the defendants in the above entitled cause, and enters this her appeal to the Supreme Court of Florida, from the judgment entered by our said Circuit Court in said cause on the 30th day of April, 1917, overruling both the general and special demurrers filed by said defendant to the complanant's amended bill of complaint, and from the order and judgment of our said Circuit entered in said cause on said 30th day of April, 1917, granting to complainant a temporary injunction and restraining order as prayed in and by said amended bill of complaint, and makes said appeal returnable to a day in the January term of our said Supreme Court, A. D. 1917, not less than thirty nor more than ninety days after the date of the filing and recordation of this entry of appeal, to-wit, the 3rd day of May, A. D. 1917.

"Dated this 3rd day of May, A. D. 1917."

The statute requires that appeals "shall be returnable to a day, either in term time or vacation more than thirty days and not more than ninety days from the date of the" filing of the entry of appeal. Sec. 1698, Gen. Stats., 1906, as amended by Chapter 5638, Acts of 1907; Sec. 1912, Gen. Stats., 1906, Compiled Laws, 1914; Parker v. Evening News Pub. Co., 54 Fla. 482, 44 South. Rep. 718; Spencer v. Travelers' Ins. Co., 39 Fla. 677, 23 South. Rep. 442. The statute requires the entry of appeal in chancery cases to be filed with the clerk "and by such clerk shall be forthwith entered in the Chancery Order Book." Sec. 1911, Gen. Stats., 1906, Compiled Laws, 1914.

A proper entry of appeal duly filed with the clerk gives the appellate court jurisdiction of the cause of action; and the due recordation of the entry of appeal in the Chancery Order Book gives the appellate court jurisdiction of the appellees.

Where an injunction is granted against two parties in a cause and only one of the parties appeals from the order, but the other party appears to have a substantial right or duty therein, the appeal will be dismissed. See Rawls v. Carlton, 56 Fla. 843, 48 South. Rep. 46; Nicohls & Johnson v. Frank, 59 Fla. 588, 52 South. Rep. 146; Henry Vogt Mach. Co. v. Milton Land & Investment Co., 74 Fla. 116, 76 South. Rep. 695.

In this case the appeal was filed May 3, 1917, and is made "returnable to a day in the January Term * * * 1917, not less than thirty nor more than ninety days after the date of the filing and recordation of this entry of appeal, to-wit, the 3rd day of May, A. D. 1917."

The transcript of the record was filed here May 10, 1917.

If this appeal be construed to be returnable" not less than thirty nor more than ninety days after" May 3rd, 1917, then as no return is named, the return day may be thirty days from the filing; and a return day thirty days from the filing of the entry of appeal is a violation of the statute which requires that the entry of appeal "shall be returnable to a day * * * more than thirty days and not more than ninety days from the date of the" entry. The appellee, Wallace F. Stovall, has appeared in this court on the appeal, but this does not cure a violation of the statute in fixing the return day. See Griffith v. Henderson, 52 Fla. 507, 42 South. Rep. 705. The First Savings & Trust Company against whom together with Mrs. Faye Stovall the injunction order was issued, is not made a party to the appeal, and has not appeared in this court.

In Price v. Horton, filed here December 13, 1918, a proper return day was designated in the entry of appeal.

Appeal dismissed.

All concur.