J. F. Buck, *Appellant,* v. All Parties Claiming Interest in the Property Involved as Heirs, Devisees, Grantees or Other Claimant, Under Colin Mitchel, *et als.,* Deceased or Otherwise, *Appellees.*

## Opinion Filed June 20, 1923.

1. Where in an entry of appeal neither the title nor the body contains sufficient description of the persons against whom the appeal is taken the appellate court acquires no jurisdiction of the persons against whom the appeal is taken.

2. Where there is a defective entry of appeal in that the persons against whom the appeal is taken are not sufficiently described to constitute notice to them that an appeal has been taken definitely against them and they do not appear in the appellate court neither in person nor by their attorneys the appeal shall be dismissed.

3. All appeals in chancery whether from final decrees or from interlocutory orders are required to be taken within six months after the entry of the order or decree appealed from.

4. When an appeal in a cause is attempted to be taken from a final decree more than six months after the entry of such decree the appellate court acquires no jurisdiction of the cause.

5. The amendment of an entry of appeal by bringing in new parties appellant or appellee is in effect an entry of appeal as to such new parties and such amendment cannot be allowed after the time allowed by law for taking the appeal.

A motion to amend the entry of appeal.

Motion Denied.

*E. Tillman Davis,* for Appellant.

No appearance for Appellees.

ELLIS, J.—The appellant exhibited his bill in chancery in the Circuit Court for Franklin County on the 2nd day of May, 1921, against "all parties claiming interest in the property involved, as heirs, devisees, grantees or other claimant, under the following named persons deceased, to-wit: Colin Mitchel, Robert Mitchel, Peter Mitchel and John Carnochan individually, and as trustees for creditors of Carnochan & Mitchel, Thomas Vermilya, William Calder, Richard Carnochan, James Innerarity, Benjamin Marshall, Benjamin W. Rogers, John McNish, John Graham, John P. Williamson, Stephen Cambreling and Abel T. Anderson, trustees, Lewis Curtis and Nathaniel Thurston individually and as trustees of the Apalachicola Land Company, George Garr, Andrew ·S. Garr, Jack Richards, Charles M. Harris, Abraham Harmans, Frederick Constant, Kountze Bros., Augustus Kountze; all of whose names, ages and residences are unknown to complainant. And against J. B. Rider and Cecelia McElroy, of Springfield, Illinois, and against all parties claiming interest otherwise whose names, ages and residences are unknown to the complainant;" and praying that the complainant be decreed to be the owner in fee simple of certain lands described in the bill all situate, lying and being in Franklin County, including the East half of Southeast quarter (E½ of SE¼), and Southwest quarter of Southeast quarter (SW¼ of SE¼) of Section nine (9) and all Section sixteen (16), in Township 7 South, Range 7 West; and that certain deeds be declared null and void as constituting a cloud upon the complainant's title.

There was an answer by a guardian appointed for the unknown, absent defendants and orders made appointing examiners to take testimony.

On final hearing the Chancellor rendered a decree in

favor of the complainants granting the relief prayed for except as to the East half of the Southeast quarter (E½ of SE¼), and Southwest quarter of the Southeast quarter (SW¼ of SE¼) of Section nine (9), and all of Section sixteen (16), in Township 7 South, Range 7 West, as to which lands the prayer of the bill was denied. The decree was rendered the 4th day of February, 1922, and recorded on the 6th day of the same month.

On the 10th day of February, 1922, the complainant, by his solicitor, entered his appeal to the Supreme Court of this State. Neither in the caption nor in the body of the entry of appeal were the parties defendant described with the same particularity as they were described in the bill of complaint and in the final decree. In the entry of appeal the title of the case was given as follows: "J. F. Buck, Complainant, vs. All parties claiming interest in the property involved, as heirs, devisees, grantees or other claimants, under Colin Mitchel, et als., deceased or otherwise, defendants." In the body of the entry of appeal there is no descripton of the defendants, but the statement is made that J. F. Buck, the complainant in the above styled cause, enters his appeal to the Supreme Court from the final decree rendered in said cause on the 4th of February, 1922.

In the case of Garrison v. Parsons, 41 Fla. 143, 25 South. Rep. 336, this court speaking through Mr. Justice Carter said that the statute, Chapter 4528, Laws 1897, does not prescribe the form of the entry or notice of appeal which it requires to be recorded, but its object being to substitute for the former practice of giving personal notice by citation or in open court, a species of constructive notice by recording upon a public record the notice or entry of appeal, it clearly contemplates that the record of the notice of appeal in the chancery order book shall be sufficiently

full and explicit to advise the Appellate Court, as well as parties entitled to notice, that an appeal has been taken by definitely named parties, against definitely named persons. That the statute does not impose upon the appellee the burden of informing himself of the taking of an appeal by his opponent in any manner other than as he may be advised by the proper recorded entry in the chancery order book. This book is not one kept exclusively for a particular case, but it is a record of the court in which is required to "be entered all orders taken in chancery except those required to be signed by the judge exclusively," if the entry recorded in that book be insufficient to give the definite notice contemplated by the statute, this court will acquire no jurisdiction of the person of an appellee from the record of such defective entry. See also State *ex rel.* Andreu v. Canfield 40 Fla. 36, 23 South. Rep. 591; Continental Nat. Building & Loan Ass'n. v. Miller 41 Fla. 418, 26 South. Rep. 725.

In the later case the court speaking through Mr. Chief Justice Taylor said: "All parties, both appellants and appellees, to an appeal should be individually named, either in the caption to, or in the body of, the entry of appeal. Those who are attempted to be included therein by the use of the abbreviation '*et al.*,' can not be considered as parties to the appeal."

Tested by the rule announced in these cases the notice of appeal in this case was insufficient to give this court jurisdiction over the defendants described in the bill of complaint and the decree. There was no appearance by these defendants in this court nor by their guardian in their behalf therefore the irregularity and insufficiency of the notice of appeal has not been waived.

On August the 14th, 1922, the appellant filed his motion in this court for leave to amend his appeal by striking out

the words "et als.," as it appears in the appeal and inserting in the place thereof the names of the persons mentioned in the original bill and in the decree. The guardian for the unknown defendants signed a written consent to an allowance of . the amendment; but the motion to amend the appeal was filed six months and eight days after the entry of the decree appealed from.

The statute requires all appeals in chancery whether from final decrees or from interlocutory orders to be taken within six months after the entry of the order or decree appealed from. See Section 3168, Revised General Statutes.

This court acquires no jurisdiction of a cause when the appeal therein is made more than six months after the entry of the final decree. See Hodges v. Moore 46 Fla. 598, 35 South. Rep. 13.

In the case of Lowe v. DeLaney, 54 Fla. 480, 44 South. Rep. 710, this court held that an amendment of an appeal by bringing in new parties appellant was, as to such new parties, an appeal entered for the first time at the date of such amendment and such an amendment bringing in new parties appellant would not be permitted after the lapse of the time allowed by law for taking appeals.

This rule also applies in cases where by amendment new parties appellee are sought to be brought into the case. Consent by the guardian of the unknown defendants cannot impart vitality to the proposed amendment.

By the entry of appeal none of the unknown parties, defendant, nor those that were known, were made appellees definitely and specifically as the rule requires. They therefore received no notice such as the law contemplates. should be given of the entry of appeal and as they have not waived the irregularity and insufficiency of the notice this court has acquired no jurisdiction of them.

The defendants in the bill of complaint, as well as in the decree, were described as "All parties claiming interest in the property involved as heirs, devisees, grantees or other claimant, under the following named persons deceased." Then follows the name of such deceased persons, the claimants under whom were described as absent and unknown. The known defendants were named as J. B. Rider and Cecelia McElroy of Springfield, Illinois. The description of the defendants as contained in the caption or title of the case in the entry of appeal was not as definite nor certain as the description by which they are identified either in the bill of complaint or final decree.

The motion to amend the appeal is therefore denied and the appeal is hereby dismissed.

TAYLOR, C. J., AND WHITFIELD, BROWNE, WEST AND TERRELL, J. J., concur.