PEARL ADAMS, MAYME ADAMS, CARRIE LEE JONES, AND GLADYS JONES, *Plaintiffs in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Division A.

Opinion Filed December 20, 1927.

*Hartridge & Patterson, Fullerton* and *Bass*, for Plaintiffs;

*Fred H. Davis*, Attorney General; *H. E. Carter*, Assistant Attorney General, for the State.

BROWN, J.—The writ of error in this case was issued and dated June 13, 1927, and made returnable June 29, 1927. Writs of error in criminal cases must be issued and made returnable as the like writs in civil cases. Sec. 6149, Revised General Statutes. All writs of error are required by the statute to be made returnable to a day, either in term time or vacation, more than thirty days, and not more than ninety days, from the date of the writ. Sec. 2908, Revised General Statutes. A writ of error made returnable contrary to law is void, and does not give to this Court jurisdiction of the cause. The fact that the Attorney General has not moved to dismiss the writ of error does not make the writ as issued effective. An express or im-

plied appearance is of no avail in such case, and the writ will be dismissed by the appellate court of its own motion. Savannah, Florida & W. Ry. Co. v. Justice, 41 Fla. 508, 26 So. 704; Rye v. Banks, 66 Fla. 434, 63 So. 825; Anderson v. The State, 73 Fla. 86, 74 So. 6; Law v. Zimmerman, 87 Fla. 421, 100 So. 528; Griffith v. Henderson, 52 Fla. 507, 42 So. 705; McJunkin v. Stevens, 88 Fla. 559, 102 So. 756; Mutual Life Ins. Co. v. Hartley, 109 So. 421. As the writ of error in this case was made returnable sixteen days after it was issued and dated, it confers no jurisdiction of the subject matter upon this Court and must be dismissed.

Writ of Error dismissed.

ELLIS, C. J., AND STRUM, J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion.