PROVIDENT SAVINGS BANK AND TRUST COMPANY, a Banking Corporation, *Appellant,* v. JOSEPH DEVITO AND MRS. JOSEPH DEVITO, his Wife, *Appellees.*

Division B.

Opinion filed December 7, 1929.

1078

*Frank P. Ingram* and *Edwin Brobston,* for Appellant;

*Joseph Miyares,* for Appellee. *Karl E. Whitaker,* as *amicus curiae.*

WHITFIELD, P. J.—The entry of appeal herein was filed February 25, 1929, and made returnable "on the 26th day of March, A. D. 1929," which latter date is twenty-nine days after February 25, 1929, as there were only 28 days in February, 1929.

"The return day in appeals in chancery is governed by the statutes regulating writs of error. Sec. 1912, Gen. Stats. 1906; Parker v. Evening News Pub. Co., 54 Fla. 482, 44 So. R. 718; Ayers v. Daniels, 67 Fla. 482, 65 So. R. 660; Ates v. Langley, 61 Fla. 504, 54 So. R. 264; Spencer v. Travelers' Ins. Co., 39 Fla. 677, 23 So. R. 442; Sec. 3173, Rev. Gen. Stats. 1920; Sec. 4965, Comp. Gen. Laws 1927.

"The statute provides that the return day of a writ of error shall be 'more than thirty days and not more than ninety days from the date of the writ,' or in chancery cases from the entry of the appeal. Sec. 1698, Gen. Stats. 1906, Comp. Laws 1914, 2908, Rev. Gen. Stats. 1920; Sec. 4618, Comp. Gen. Laws 1927.

"Where an appeal to the Supreme Court made returnable in violation of the statute so as to be void and

to confer no jurisdiction of the subject-matter upon the Supreme Court, the appearance of the appellee cannot of itself give the Court jurisdiction of the subject-matter of the appeal, and such an appeal so taken should be dismissed by the Court *sua sponte.* Griffith v. Henderson, 52 Fla. 507, 42 So. R. 705; Anderson v. State, 73 Fla. 86, 74 So. R. 6''; Adams v. State, 94 Fla. 1156, 115 So. R. 530; Law v. Zimmerman, 87 Fla. 421, 100 So. R. 528; Mut. Life Ins. Co. v. Hartley, 92 Fla. 237, 109 So. R. 421.

The provisions of Chapter 11890, Acts 1927, Sections 4635-6, Comp. Gen. Laws 1927, legally cannot and properly interpreted do not dispense with prescribed requirements that are essential to due process of law or to the jurisdiction of the court over the subject-matter and the parties in appellate proceedings. Under the Constitution the Supreme Court has ''appellate jurisdiction'' of chancery causes, but the method by which appellate jurisdiction is acquired is prescribed by statute and adversary parties have a right in the due observance of statutory regulations of the manner in which appeals may be made effective. The filing in the trial court of a proper entry of appeal is essential to give the appellate court jurisdiction of the cause, and the due recording of the entry of appeal is essential to give the appellate court jurisdiction of the appellees, unless the appellees by waiver or voluntary appearance in the appellate court, render the *recording* of the entry of appeal immaterial. But if the entry of appeal that is filed in the trial court is not legally sufficient to give the appellate court jurisdiction of *the cause,* as when the appeal is made returnable in violation of the statute, or where there is any other fatal defect in the entry of appeal, voluntary appearance of the appellees in the appellate court will not give that court jurisdiction of *the cause,* even if the

parties are properly named in the entry of appeal that is filed in the trial court. When the entry of appeal as filed is legally sufficient to give the appellate court jurisdiction of *the cause,* but the entry of appeal though duly recorded does not properly designate *all* of the necessary parties, the appeal will be dismissed unless *all* of the necessary parties who are not duly named in the recorded entry of appeal, voluntarily appear in the cause in the appellate court, or by waiver or otherwise subject themselves to the jurisdiction of the appellate court in the cause.

In this case the entry of appeal does not appear to have been recorded as required by the statute, but that is rendered immaterial by the appearance of the appellees in this Court by counsel who have filed briefs on the merits of the cause; but as the entry of appeal, though stating the parties correctly, makes the return day less than thirty days from the filing of the entry of the appeal, it is in violation of the statute which requires the return day to be *"more* than thirty days and *not more* than ninety days from the date of the" entry of appeal. DeBogory v. Hafleigh, 81 Fla. 631, 88 So. R. 470; 122 So. R. 117; Long v. Sphaler, 89 Fla. 499, 105 So. R. 101; Buck v. All Parties, 86 Fla. 86, 97 So. R. 313.

The appeal in this case was entered February 25, 1929, and made returnable March 26, 1929. The return day is less than thirty days from the date of the entry of the appeal, which is a violation of the statute, and for which the appeal must be, and is hereby dismissed.

Strum and Buford, J. J., concur.

Terrell, C. J., and Ellis and Brown, J. J., concur in the opinion and judgment.