HARVEY E. DENO, as guardian of the Estate of Susan Deno, a lunatic, and JOSEPH DENO, *Appellants*, v. SIDNEY A. SMITH, *Appellee*.

Division A.

Opinion filed February 13, 1931.

*Hawthorne & Burton*, Attorneys for appellants;
*Ross Williams*, Attorney for Appellee.

BROWN, J.—The appellee in this case has appeared specially and moved the court to dismiss the appeal because of the alleged omission of necessary parties and the

ineffectiveness of the appeal as entered to vest this court with jurisdiction of the cause.

The appellee, Sidney A. Smith, filed his bill in the court below against Susan Deno, Joseph Deno, her husband, and Harvey E. Deno and Frances Young, her son and daughter. The object of the bill was to charge the separate property of Susan Deno with the payment of an obligation incurred by her to the complainant, and to have set aside and cancelled a conveyance and bill of sale of certain realty and personalty of her separate estate made by her to her said son and daughter as constituting a fraudulent attempt without consideration, to dispose of her separate estate so as to defeat the enforcement of complainant's claim. The final decree was in favor of the complainant. It upheld the validity of complainant's claim against Susan Deno, and ordered that insofar as complainant's claim was concerned the said deed and bill of sale should be set aside, and that in default of payment the property of Susan Deno's separate estate, including that which she had attempted to transfer to her son and daughter, be sold to satisfy the charge thus imposed upon Susan Deno's separate property. The final decree states, and counsel in their briefs admit, that Harvey E. Deno and Frances Young had suffered decrees *pro confesso* to be entered against them, and such decrees had been ratified and confirmed by the court, but they are not copied in the transcript. However, the record does show that the complainant's suit was only actively contested by Susan Deno and her husband. After the decree was rendered in June, 1930, a petition was filed by Harvey E. Deno, alleging that Susan Deno had, on October 15, 1930, been legally adjudged insane and that he had been duly appointed as the guardian of her person and estate,

and praying that he be substituted as party defendant in the cause in the place and stead of said Susan Deno, which petition was granted by order of the court on October 21, 1930. On the same day, notice of appeal was entered and duly recorded.

The caption of the notice of appeal showed the proper court and court file number, but it omitted the names of two of the defendants, Harvey E. Deno, in his individual capacity, and Frances Young. The notice, in this respect, was entitled: "Sidney A. Smith, complainant, v. Harvey E. Deno, as guardian of the estate of Susan Deno, a lunatic, and Joseph Deno, defendants." The body of the notice recites that the appeal is taken from the final decree entered in the cause on June 25, 1930, and that the appeal is taken by the two defendants named in the caption, Harvey E. Deno, as guardian of the estate of Susan Deno, lunatic, and Joseph Deno. The appeal was properly made returnable Dec. 19th, 1930.

After the expiration of the six months within which an appeal could be taken, and three days after this motion to dismiss was filed, Harvey E. Deno, in his individual capacity, and Frances Young voluntarily entered their appearance in this court, submitting themselves to its jurisdiction, and joined in the assignments of error made by the original appellants.

Treating the case as if the omitted parties appellant had suffered decrees *pro confesso* against them, as shown by the final decree, we are yet of the opinion that they were necessary parties to the appeal. It is true, they could not be injured by the appeal, but they could be benefited by it, if it resulted in a reversal. The decree set aside certain transfers of property which had been made to them, and they had a vital property interest in its reversal.

The decree in effect subjected the property which had been conveyed to them, to the payment of the obligation of their mother, Susan Deno, which the court below held to be a valid claim. So the interests of the omitted parties appellant were linked up to a considerable extent with those of their co-defendants who took the appeal. The court below would not have been authorized to have set aside the transfers by their mother to them if it had found the claim of the complainant against their mother invalid or unenforcible. So the interests of the omitted parties were not so separable and independent as to have authorized a separate appeal by them; nor, for the like reason, should the appeal have been taken separately by their co-defendants without making them parties. Hay v. Isetts, 125 So., 237, 98 Fla., 1026, and cases cited.

In the case of Rabinowitz v. Houk, 129 So., 501, the appeal was from an interlocutory order from which the omitted parties appellant, against whom decrees *pro confesso* had been rendered, could not appeal. Here the appeal was from a final decree, and the omitted parties in spite of the decrees *pro confesso,* could have appealed in the names of themselves and the other defendants, for such final decree substantially affected their interests; though the scope of the appeal, as to them, would have been limited to the question whether there was any illegality in the proceedings anterior to their default. Hart v. Stribling, 21 Fla. 136; Rabinowitz v. Houk, *supra.* The holding here that the omitted parties were necessary parties appellant, and that the appeal should have been taken in their names as well as in the names of the two defendants who did appeal, is not in conflict with the principles enunciated in the case of Rabinowitz v. Houk, *supra.* This case falls within the exceptions and qualifications noted in that

case. Thus the 6th and 7th headnotes in the Rabinowitz case read as follows:

6. Where essentially necessary parties are omitted from an appeal, *and have not voluntarily submitted themselves to the jurisdiction of the appellate court,* and the time for taking an appeal has expired, they cannot be made parties, and such appeal will be dismissed *sua sponte.* (Italics supplied).

7. But a party aggrieved or injured by the judgment or decree of a trial court should not be deprived of an opportunity for appellate review merely because he fails to bring in nominal or useless parties *who have no real or substantial interest in whether the judgment or decree appealed from is reversed or affirmed,* or where, as to parties appellant, the party taking the appeal is the only party substantially aggrieved or affected by such decree. (Italics supplied).

In that case, it was said: "It should be borne in mind, in dealing with this subject, that, as this court has several times held, an appeal in equity is not a new suit, but is regarded as a continuation of the suit below (3 C.J. 320), or, in the language of our statute, 'as a step in the cause'." Citing section 4635 C.G.L.

Was the entry of appeal, omitting as it did from both its caption and body the names of two of the four defendants, sufficient to transfer jurisdiction of the cause to this court? We think so. The notice of appeal was filed and entered in the cause at bar, within the proper time, and bore the correct court file number of the cause, and identified, with reasonable certainty, the final decree appealed from, giving its date, which final decree named all the parties, and the notice of appeal was duly recorded in the chancery order book. See Price v. Horton, 76 Fla., 537, 80 So. 305; Henry Vogt Machine Co. v. Milton Land

& Inv. Co., 74 Fla., 116, 122, 76 So., 695; 697; Gaskins v. Mack, 91 Fla., 284, 107 So., 918; and Sections 4635, 4636, C. G. L. Statutes giving the right of appeal should be liberally construed in furtherance of justice. Price v. Horton, *supra.*

Holding, as we do, that the entry of notice of appeal was sufficient to vest this court with jurisdiction of the cause, the question arises, should the motion to dismiss for lack of necessary parties be now granted in view of the fact that the omitted parties have, since the motion was filed, and after the expiration of six months from the rendition and entry of the decree, voluntarily appeared and submitted themselves to the jurisdiction of this court? We think not. The appeal by two of the defendants, as above held, vested this court with jurisdiction of the cause. This transfer of the jurisdiction of the subject matter of the cause, and of the persons of the two original appellants, and of the appellee, took place within the period prescribed by the statute. It must be admitted that this court has several times held that under such circumstances this court will not, after the lapse of six months from the entry of the decree appealed from, take steps to require omitted necessary parties to be made parties and brought into court, so as to save the dismissal of the cause on motion duly made. But where as in this case, the court has acquired jurisdiction of the cause, and the two defendants who were erroneously omitted from the appeal voluntarily appear and join in the appeal and submit themselves to the jurisdiction of the court, we do not think the appeal should be dismissed, even though such omitted parties appellant are necessary parties and come in after the lapse of the six months period within which appeal is required to be taken. Hav-

ing voluntarily come in and submitted themselves to the jurisdiction of the court, the omitted parties cannot question the jurisdiction of the court over their persons, and the court already having jurisdiction of the cause, and the error of omission having been cured, there is nothing to prevent the court from going ahead with the cause and rendering a judgment which will be binding upon all the parties. Under these circumstances, although the lack of necessary parties has been supplied since the motion to dismiss was filed, this court would not now be justified in dismissing the appeal.

Motion to dismiss appeal denied.

STRUM, C.J., AND ELLIS, J., concur.

WHITFIELD, P.J., AND TERRELL AND BUFORD, J.J., concur in the opinion and judgment.