JOHN G. BROOKS v. MIAMI BANK & TRUST CO., et al.

155 So. 157.

Opinion Filed May 29, 1934.

142

Stuart *MacKenzie* and *W. F. Parker,* for Appellant;

*S. D. Weissbuch* and *S. S. Silverman,* for Appellees.

WHITFIELD, J.—The following motion to amend the entry of appeal filed herein was presented here April 12, 1934:

"JOHN G. BROOKS, Appellant, v. MIAMI BANK & TRUST COMPANY, a banking corporation organized under the laws of the State of Florida, H. J. SPURWAY, as Receiver of the City National Bank in Miami, FRANK L. HERBERT, as Receiver of First Mortgage & Bond Company, and TATUM BROTHERS COMPANY, a corporation, Appellees.

"NOTICE.

"Now comes John G. Brooks, the appellant in the foregoing cause, and respectfully represents to the Court that on, to-wit: the 5th day of September, 1933, a decree was made and entered in the Circuit Court for the Eleventh Judicial Circuit in and for Dade County, in Equity, sustaining the motion of the defendant H. J. Spurway, as receiver

of said City National Bank in Miami, to dismiss appellant's amended bill of complaint; that on, to-wit: the 28th day of February, 1934, the said John G. Brooks, appellant, entered notice of appeal from said order of September 5, 1933, to the Supreme Court of the State of Florida; that said appeal was made returnable in said notice to the 15th day of April, 1934; that the ninety days in which said appeal could have been made returnable does not expire until the 29th day of May, 1934, and your petitioner respectfully moves the Court that an order be made and entered herein amending said notice of appeal, and making the return thereof the 28th day of May, 1934.

"STUART MacKENZIE

"W. F. PARKER

"Solicitors for Appellants."

The entry of appeal and the certificate of its record entry are as follows:

"JOHN G. BROOKS, Complainant, v. MIAMI BANK & TRUST COMPANY, a banking corporation organized under the laws of the State of Florida, H. J. SPURWAY, as Receiver of said City National Bank in Miami, FRANK L. HERBERT, as Receiver of First Mortgage & Bond Company, and TATUM BROTHERS COMPANY, a corporation, Defendants.

"NOTICE OF APPEAL.

"Comes now John G. Brooks, the complainant in the foregoing cause, and enters this his appeal from the final decree made and entered herein on the 5th day of September, 1933, which said decree was recorded on, to-wit, the 5 day of September, 1933, in Chancery Order Book Number 301, at Page 252, in the office of the Clerk of said Court, in the Circuit Court for the Eleventh Judicial Circuit of Florida, in and for Dade County, in Chancery, Number 29579-A, to

the Supreme Court of Florida at Tallahassee, Florida, and makes said appeal returnable to the 15th day of April, A. D. 1934, and gives to the defendant H. J. Spurway, as receiver of said City National Bank in Miami, and all others, notice of this appeal.

"The Clerk of the above styled Court will please enter this notice of appeal in Chancery Order Book.

"DATED this the 28 day of February, 1934.

> "JOHN G. BROOKS,
> "Complainant-Appellant.
> "By STUART MACKENZIE, W. F. PARKER,
> "Solicitors for Complainant-Appellant."

"State of Florida, County of Dade, SS:

"I, E. B. LEATHERMAN, Clerk of the Circuit Court in and for Dade County, Florida, Do HEREBY CERTIFY that the above and foregoing is a true and correct copy of NOTICE OF APPEAL in the case of JOHN G. BROOKS v. MIAMI BANK & TRUST Co., et al., filed the 28 day of FEB., 1934, and recorded the 28 day of Feb., 1934, in Chancery Order Book 314, on page 450.

> "E. B. LEATHERMAN,
> "Clerk of Circuit Court,
> "By J. M. Cowart, D. C."

The questions to be determined are whether the filing in a chancery case of an entry of appeal which is made returnable on a Sunday, is legally sufficient to transfer the cause to the jurisdiction of the appellate court, and whether the recording of such entry of appeal so returnable in the chancery order book is, under Section 4964 (3172), Compiled General Laws, sufficient "to give to the Supreme Court complete jurisdiction over the person of the appellee" in the cause. If the filing of an entry of appeal made returnable

on a Sunday, is legally insufficient to transfer the cause to
the jurisdiction of the appellate court, or if the recording
in the chancery order book of an entry of appeal that is
made returnable on a Sunday is legally insufficient to give
the appellate court jurisdiction of the appellees in the cause,
such entry of appeal made returnable on a Sunday cannot
be amended to state a legal and effective return day after
the expiration of the six months' period fixed by the statute
for taking chancery appeals, so as to make the filing and
recording of the entry of appeal legally effective to give
the appellate court jurisdiction of the cause and of the
appellees, since that would in effect allow an appeal to be
taken and made effective after the time limited by the
statute, thereby violating the statute which specifically pre-
scribes the time within which appeals in chancery may be
taken. Rabinowitz v. Houk, 100 Fla. 44, 129 So. 501.
This rule applies even though the appeal be only a step in
the cause, since the statutes provide that an entry of appeal
"must be taken within six months after the entry of the
order or decree appealed from," (Section 4960 [3168] Com-
piled General Laws), "and shall be returnable to a day,
either in term time or vacation *more* than thirty days and
*not more* than ninety days from the date of the" filing of
the entry appeal. Sections 4618 (2908), 4965 (3173), Com-
piled Gen. Laws; Provident Savings Bank & Trust Co. v.
Devito, 98 Fla. 1076, 125 So. 235; that the entry of appeal
"shall be filed with the clerk of the court whose order or
decree is to be reviewed, and by such clerk shall be forth-
with entered in the chancery order book; and no further
notice of such appeal shall be required to be given or served
in order to give to the Supreme Court complete jurisdiction
over the person of the appellee, but the record of such
entry in the chancery order book shall be taken and held to
be sufficient notice to the appellee of the taking of said

appeal and of the pendency thereof in the Supreme Court." Sec. 4964 (3172), C. G. L.

The appellate court must have jurisdiction of the cause and of the parties appellant and appellee before it can review a 'cause on appeal; and an entry of appeal which is made returnable to a day not authorized by the statute; does not bring the cause or the appellees within the jurisdiction of the appellate court. Mutual Life Ins. Co. v. Hartley, 92 Fla. 237, 109 So. 421; Provident Savings Bank & Trust Co. v. Devito, 98 Fla. 1076, 125 So. 235. An appearance by the parties does not give the appellate court jurisdiction of a cause when the entry of appeal is made returnable to a day that is not authorized by the statute. Griffith v. Henderson, 52 Fla. 507, 42 So. 705; Adams v. State, 94 Fla. 1156, 115 So. 530; Stovall v. Stovall, 77 Fla. 116, 80 So. 744.

An entry of appeal that is defective only as to parties may be cured by appearances in the cause. McJunkins v. Stevens, 88 Fla. 559, 102 So. 756; Henry Vogt Mac. Co. v. Milton Land & Inv. Co., 74 Fla. 116, 76 So. 695; Rabinowitz v. Houk, 100 Fla. 44, 129 So. 501.

The Supreme Court has appellate jurisdiction in all cases in equity; but such jurisdiction must be invoked in particular cases by filing in the office of the Clerk of the Circuit Court within six months from the date of the entry of the order or decree appealed from, a proper and legal *entry of appeal*. Such entry of appeal must, in terms importing *legal sufficiency*, designate the order or decree appealed from and the parties to the appeal, and also state a *legal* return day, so that *the cause* may thereby be transferred to the jurisdiction of the appellate court; *and* the entry of appeal must be forthwith *recorded* by the clerk *in the chancery order book* in order to give the appellate court jurisdiction

of the appellees designated in the entry of appeal, *unless* the appellees otherwise duly appear in the cause in the appellate court. The due filing, within the time allowed by the statute, of an entry of appeal that is legally sufficient in stating the parties, the return day and the identity of the decree or order appealed from, is essential to transfer the cause to the jurisdiction of the appellate court; and the due recording of the legally sufficient entry of appeal in the chancery order book is necessary to give the appellate court jurisdiction of the appellees, unless they appear in the cause in the appellate court. An entry of appeal which is not made returnable to a day that is by the statute a legal return day for an entry of appeal, is ineffectual to transfer the cause to the jurisdiction of the appellate court; and the recording of such a defective entry of appeal does not give the appellate court jurisdiction of the appellees.

In the absence of statutory provisions to the contrary, the law does not contemplate that judicial process, writs of notice shall be made returnable on Sundays, since Sundays are *dies non juridicus,* non-judicial days, and the offices of the courts are not open on Sundays; therefore, returns or appearances cannot in law be made in response to judicial process writs or notices. What cannot legally be done is not required by law to be done.

As a return or appearance cannot in law be made on Sunday to a notice of a writ of error or an entry of appeal, the statutes requiring writs of error and entries of appeal to be made "returnable to a day, either in term time or vacation more than thirty days and not more than ninety days from the date of the writ" or the filing of the entry of appeal in equity cases, do not intend that a writ of error or an entry of appeal in chancery shall be made returnable on a Sunday.

While Sundays are included in the period "more than thirty days and not more than ninety days from the date of the writ," courts are not open on Sundays "either in term time or vacation," and the statute contemplates that writs of error and appeals in civil cases taken to the Supreme Court shall be made returnable on a day within the stated period when the office of the court is open for appearances and the transaction of appropriate business, so that the due record of the writ of error or entry of appeal will give notice to the defendant in error or the appellee of the day when he may appear in the court in the cause in person or otherwise as may be appropriate. A defendant in error or appellee cannot appear in court in a cause on Sunday and when the notice to appear is returnable on Sunday, it requires what the law does not permit. If returnable on Sunday, the notice is legally ineffectual to subject the defendant in error or appellee to the jurisdiction of the court in the cause. Harrison v. Bay Shore Dev. Co., 92 Fla. 875, 111 So. 128; 60 C. J. 1139; 33 Cyc. 587.

Where a writ of error or an entry of appeal is ineffectual to give the appellate court jurisdiction of the cause or the parties, the writ of error or the entry of appeal may under proper conditions be awarded, or a new writ of error or appeal taken before (Henry Vogt Mac. Co. v. Milton Land & Inv. Co., 74 Fla. 116, 76 So. 695; Nash v. Haycraft, 34 Fla. 449, 16 So. 324) but not after the statutory period for taking appeals or writs of error has expired. West v. Johnson, 66 Fla. 4, 62 So. 913; State, *ex rel.* v. Canfield, 40 Fla. 36, 23 So. 591; Cornell v. Franklin, 40 Fla. 149, 23 So. 589; Nat. Bk. of Lancaster v. Newhart, 41 Fla. 470, 27 So. 297; Lowe v. DeLaney, 54 Fla. 480, 44 So. 710; Buch v. All Parties, 86 Fla. 86, 97 So. 313; Lessic, *et al.,* v. Booske, 86 Fla. 251, 97 So. 383; Rabinowitz v. Houk, 100 Fla. 44, 129 So. 501.

"When the entry of appeal as filed is legally sufficient to give the appellate court jurisdiction of *the cause,* but the entry of appeal though duly recorded does not properly designate all of the necessary parties, the appeal will be dismissed unless all of the necessary parties who are not duly named in the recorded entry of appeal, voluntarily appear in the cause in the appellate court, or by waiver or otherwise subject themselves to the jurisdiction of the appellate court in the cause." (Provident Savings Bank & Trust Co. v. Devito, 98 Fla. 1076, 125 So. 235). And such appearance can be made even after the six months allowed for taking appeals has expired, if the entry of appeal is legally sufficient to give the appellate court jurisdiction of the cause and of the other parties. Deno v. Smith, 101 Fla. 902, 132 So. 462.

The provisions of Section 4295 (2629), C. G. L., and of Section 4636, C. G. L., must be interpreted and applied with reference to the due process of law requirements of the State and Federal Constitutions.

The decree appealed from was enterd September 5, 1933. The entry of appeal was filed and recorded February 28, 1934, and made returnable April 15, 1934, which day was a Sunday. The motion to amend the entry of appeal was filed April 12, 1934, more than six months after the entry of the decree on September 5, 1933.

As the entry of appeal in this case was by the appellants made returnable on a Sunday, which is a non-judicial day and not a legal return day, the entry of appeal is legally insufficient to transfer the cause to the jurisdiction of the appellate court, and the record of the entry of appeal in the chancery order book is insufficient to give the appellate court jurisdiction of the appellees; and as the appellees have not appeared in the cause in the appellate court, a motion to

amend the entry of appeal to give it a legal return day must be denied, when the motion is not made until after the expiration of the six months period of limitation fixed by statute for taking an appeal; for such amendment would in effect allow an appeal in violation of the statute and would deny to the appellees the specific process of law and the notice prescribed by the statute.

Motion to amend denied.

DAVIS, C. J., and ELLIS, TERRELL and BUFORD, J. J., concur.

BROWN, J., dissents.