PER CURIAM.
Ignacio Perez Negron appeals the denial of his motion for post-conviction relief. We affirm because the trial court properly sentenced Negron to life without parole in accordance with the law in effect at the time during which Negron committed the charged offense.
Negron filed his motion to correct illegal sentence on October 29, 2005. He alleged that he was charged by indictment on March 5, 1997 with having committed the offense of first-degree premeditated murder on July 17, 1994, and that he was found guilty of the same offense after a trial by jury on December 15, 1997. The judgment and sentence reflect that the court sentenced Negron to a term of “natural life” for the offense of first-degree murder. The sentence does not specify “without the possibility of parole.”
In the motion to correct illegal sentence, Negron alleged that the portion of the *1251 sentence to “a term of natural life without the possibility of parole” is illegal. He claimed that under the law in effect at the time of his offense, a life sentence for a capital offense required an entitlement to parole after serving twenty-five years of the sentence. We find that the life sentence in question is a true life sentence without the possibility of parole.
Negron committed the offense of first-degree murder on July 17, 1994. At that time, the offense carried a sentence in accordance with section 775.082, Florida Statutes (1993), and a life sentence for a capital felony carried an entitlement to the possibility of parole after twenty-five years. Effective May 25, 1994, however, the legislature amended section 775.082(1) by Chapter 94-228, section 1, Laws of Florida. As a result of that amendment, section 775.082(1), read as follows:
(1) A person who has been convicted of a capital felony shall be punished by death if the proceeding held to determine sentence according to the procedure set forth in s. 921.141 results in findings by the court that such person shall be punished by death, otherwise such person shall be punished by life imprisonment and:
(a) If convicted of murder in the first degree or of a capital felony under s. 790.161, shall he ineligible for parole, or
(b) If convicted of any other capital felony, shall be required to serve no less than 25 years before becoming eligible for parole.
Pursuant to section 3 of Chapter 94-228, the act was to “take effect upon becoming law.”
When an act provides that it shall become effective “on becoming a law,” it becomes effective immediately upon the Governor’s approval. See Parker v. The Evening News Pub. Co., 54 Fla. 482, 44 So. 718 (1907). In Parker, the act in question stated that “[t]his act shall take effect immediately on becoming a law.” Id. The Florida Supreme Court held that this meant that the act became effective upon approval by the executive. Id.
With respect to the case before us, the Governor approved the subject act on May 25, 1994, and filed the act with the Secretary of State on the same day. Accordingly, the above provisions became effective on May 25, 1994, two months prior to Negron’s commission of the murder.
Consequently, the motion to correct illegal sentence is thus facially and legally insufficient because the motion and its attachments establish that a sentence of life without parole is proper. We therefore affirm the order denying the motion to correct illegal sentence.
Affirmed.