## McREE *vs.* McREE.

[FINAL SETTLEMENT OF ADMINISTRATOR'S ACCOUNTS.]

1. *Notice.*—On the final settlement of an administrator's accounts under the act of 1854, (Session Acts 1853-4, p. 24,) the same notice must be given as in case of final settlements under section 1805 of the Code ; and if the day appointed in the notice happen to fall on Sunday, the court has no authority to proceed with the settlement on the next day.

APPEAL from the Probate Court of Lowndes.

In the matter of the estate of John B. McRee, deceased, on the application of James C. McRee and A. W. Hurst, as the administrators of Caleb P. McRee, deceased, for a final settlement of their intestate's administration on the estate of said John B. McRee. The application was filed on the 14th December, 1857 ; and the court thereupon appointed the 10th January then next for the settlement, and ordered notice and publication in the usual form. On the 11th January, (the 10th being Sunday,) the court proceeded with the settlement, and rendered a final decree ; reciting therein that no objections or exceptions were made to any item in the account filed by the administrators; directing them to deliver to W. W. L. McRee, as the administrator *de bonis non* of said John B. McRee, all the notes and other assets in their hands belonging to the estate of said John B. McRee ; and further ordering that, on their complying with said decree, they and their intestate be discharged from all liability to the estate of said John B. McRee. The transcript contains also the receipt of said W. W. L. McRee, the administrator *de*

*bonis non* of said John B. McRee, for the notes, accounts, &c., transferred to him by said James C. McRee and A. W. Hurst; but there is no bill of exceptions in the case, nor does the decree in any manner refer to said receipt. The appeal is taken by said W. W. L. McRee, who assigns as error the rendition of the decree without legal notice, and without proper parties.

J. F. CLEMENTS, and W. F. WITCHER, for appellant.

GEO. S. COX, *contra*.

A. J. WALKER, C. J.—The statute requires that notice of the day appointed for the final settlement of an administrator's accounts should be given.—Code, § 1805. We think the proceedings under the act of 1853-4 (Pamph. Acts, 24,) must be conformable to those prescribed in the Code, and that the same notice would be requisite under that act as under section 1805 of the Code. In this case, the settlement was not made on the day previously appointed, and of which notice was given, and there was no adjournment over from the appointed day. The day appointed was Sunday, and upon that day the court could not act in reference to the settlement. The court had no authority to proceed with the settlement on the succeeding day to that appointed, notwithstanding the appointed day was Sunday. If he could proceed at such time, the law requiring the appointment of a day and notice would be practically abrogated. When the notice specifies a day, on which the court sits, and commences a term continuing on beyond the appointed day, the case might be altogether different from this; and our decision is not intended to embrace such a case.

The receipt copied into the transcript is a matter not belonging to the record, and we cannot look to it for any purpose. There is, therefore, nothing before us upon which the argument of the appellee, that the appeal should not be heard, can be based.

The decree of the court below is reversed, and the cause remanded.