# JULY TERM, 1867, AT LANSING.

---

### Abraham D. Peck v. Chas. H. Cavell, Jr.

*Justice's Docket: Execution: Request of Plaintiff.* It is not necessary that a justice's docket should show that an execution was issued at the request of a plaintiff, as that is always to be presumed.

    When the docket entries comply with the statute, the ordinary presumption in favor of the correctness of official action must support the proceedings.

*Execution in Justice Court, when returnable: Sunday.* An execution may be lawfully returned by the officer on the sixtieth day from its date—that being the return day—unless such day should be Sunday, in which case the return would be void.

*Transcript from Justice's Judgment: Requisites before filing.* A transcript from a justice's judgment cannot be filed in the Circuit Court unless it be certified to by the Justice, together with an affidavit attached of the amount due upon the judgment.

*Heard July 9th. Decided July 11th.*

Error to Livingston Circuit.

This was an action of ejectment brought to recover the possession of certain lands in Hamburg, Livingston County.

The defendant set up a title based upon sales on two executions issued on transcripts of Justices' judgments, and filed in the Circuit Court.

Objections were made to the admission of said transcripts on the trial in the Circuit Court on account of several defects appearing in said transcripts, and which are stated in the opinion.

Judgment was rendered for defendant in the Court below.

16 MICH. — B.

*Norris & Uhl*, for plaintiff in error.

1. The statutes regulating transcripts of Justices' judgments being contrary to the course of the common law and *ex parte*, will be construed with the utmost strictness; and the proceedings of creditors acting in pursuance of such statutes, should be scrutinized closely, to prevent gross injustice and overreaching.—3 *Mich.* 198; 5 *Id.* 98.

The transcript in this case is defective because,

*a.* It does not appear that the justice was requested to issue executions on the judgments sued upon, previous to giving transcripts.—*Comp. L.* § 3789.

*b.* The executions should not have been returned till after the 60th day. In this case the debtor should have had the whole of that day to pay in.—*Comp. L.* §§ 3786, 3789; 10 *Mich.* 496; 8 *Cow.* 260; 2 *Id.* 605; 6 *Id.* 659; 2 *Hill*, 356.

*c.* It does not appear by affidavit, what was due upon the judgments.

*d.* The return of the execution was made upon Sunday, and is therefore a nullity.

*O. Hawkins*, for defendant in error.

COOLEY J.

The plaintiff having shown a *prima facie* right in himself to the recovery of the premises in question, the defendant sought to defeat that right by showing sales on two executions against the plaintiff, issued on transcripts of justices' judgments which had been filed in the Circuit Court. A portion of the premises was sold on each of the executions.

The statute only authorizes a transcript to be filed in the Circuit Court after execution has been issued by the Justice and returned unsatisfied; and it is objected that

it does not appear from the transcripts that any execution was ever properly issued in these cases, inasmuch as the evidence does not show that the executions were issued at the *request* of the plaintiffs in the judgment. The transcripts only state when and to what officer the executions were issued; but as these are the only facts which the statute requires to be entered on the docket in relation thereto (*Comp. L.* § 3890, *clause* 12), and as the transcript is to be a correct copy from the docket (*Comp. L.* § 3786), we think the objection not tenable. If the Justice enters upon the docket in regard to his own proceedings all that the statute requires, the ordinary presumption in favor of the correctness of official action must support the proceedings.

It is also objected that the executions issued by the justice were returned prematurely. Both appear to have been returned on the sixtieth day after date; and the plaintiff claims that he was entitled to the whole of the sixtieth day in which to make payment. The sixtieth day, however, was the return day; and although the statute allows the officer to make the return at any time within five days thereafter, without subjecting himself to liability (*Comp. L.* § 3827), he may also make return on the return day; and a strict obedience to his process would require him to do so. One of the executions, however, was returned on Sunday; and that fact is fatal to the proceedings on the transcript based upon it.

But there is another fatal objection to both of the transcripts, and to all proceedings under them. It does not appear that either of the transcripts were certified by the Justice, or that any such affidavit was attached thereto as was required by the statute. A special statutory proceeding of this description which is to divest a man of his title *in invitum* must be in strict compliance with the statute in all those particulars designed for the protection of the defendant. The certificate to the transcript and the affidavit

of amount due are jurisdictional facts, without which there is no authority to file a transcript. The original transcripts were not offered in evidence in this case, but only the docket entry thereof in the office of the clerk of the Circuit Court; and this entry did not show either a certificate or an affidavit. Without inquiring whether this would have been a sufficient docketing of the judgments had the transcripts been in due form, it is clear that it can constitute no authority for an execution unless it appears that there was a transcript duly certified, and an affidavit of the amount due, without which there is no authority for docketing the judgment in the Circuit Court at all. As objection was taken at the time that the transcripts themselves were the proper evidence, the attention of the defendant was called to the defect, so that he had an opportunity to put the transcripts in evidence if they were in compliance with the statute. As they were not offered, we can presume nothing in their favor.

The judgment must be reversed, with costs, and a new trial ordered.

CHRISTIANCY and CAMPBELL JJ. concurred.

MARTIN CH. J. did not sit.