JOE BARNES AND JESSE BARNES, *Plaintiffs in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed November 17, 1914.

1.  Under statutory direction that terms of a Circuit Court shall begin on certain Mondays in the several Counties, the term in one county does not *ipso facto* end the Saturday at midnight preceding the Monday fixed for the beginning of the term in another county.

2. It is not unlawful to impose a sentence or to perform a judicial function after midnight on Saturday and before sunrise of Sunday.

3. Courts have a large discretion in fixing the time for hearing pending motions.

4. The evidence justified the verdict.

Writ of Error to Circuit Court for Holmes County; D. J. Jones, Judge.

Judgment affirmed.

*J. W. Kehoe,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

COCKRELL, J.—The plaintiffs in error were convicted of murder in the second degree and sentenced to life imprisonment.

The main assignments of error are placed upon the fact that the verdict was received and sentence passed after midnight of Saturday, about half past two o'clock.

It is urged first that the term of court expired at midnight and that therefore a mistrial should have been ordered. The statute does not fix the term of the court. It merely directs that the term begin on a certain Monday, and that on the Monday succeeding this Saturday a term be held in another county of the circuit. Should, however, the Circuit Judge see fit to continue the Holmes County term into the following week, the jurisdiction of the court would be in no wise affected; the only possibility of embarrassment being that the judge might under the

statute be penalized should he fail to appear without sufficient excuse, at the time set for the opening of the term in the other county.

Did the action of the court in overruling the motion for a new trial and imposing the sentence violate the common law maxim that Sunday is *dies non juridicus?*

The plaintiffs in error rely upon the statement by this Court in Hodge v. State, 29 Fla. 500, 10 South. Rep. 556, that while a verdict may be received and entered on Sunday, yet it seems that judgment or sentence cannot be entered on that day. In that same case, however, p. 508, there is another *semble* that the Sunday on which judicial action is forbidden begins with sunrise and ends with sunset. Again in Hanley v. State, 50 Fla. 82, 39 South. Rep. 149, while the record did not present the point so as to make a decision necessary, we very plainly intimated that such was the law of this State. It is but a slight step to the declaration that such is the law. In the olden days it was difficult to fix the exact time when midnight arrived, while sunrise was of easy observation. Again in holding courts during the daylight those in attendance were kept from public worship and the exhibition of secular activity was offensive to those engaged in religious duties. These, and perhaps other considerations, prevented the application of the prohibition to the courts who were unable to finish their serious labors by the midnight hour.

The postponement beyond the term of the hearing of a motion for a new trial is largely discretionary. Practically the sole ground to be presented or saved on that motion was the sufficiency of the evidence. The law fixed rigidly the sentence to be imposed. After seven months, counsel for the plaintiffs in error practically abandons any suggestion of error at the trial other than an insist-

ance that the evidence does not measure up to murder in the second degree, for it is clear that the refused charges had no sufficient foundation of fact.

There are many contradictions in the testimony, but the State's case made out a reckless shooting without reasonable excuse or justification, and the judgment is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHITFIELD, J. J., concur.