STATE OF FLORIDA, *ex rel.*, JACK STILLMAN, *Plaintiff in Error*, v. R. E. MERRITT, AS SHERIFF OF DUVAL COUNTY, *Defendant in Error*.

Opinion Filed July 14, 1923.

Petition for Rehearing Granted November 13, 1923.

Judgment Re-affirmed January 28, 1924.

1. The Court takes judicial knowledge that the fall term of the Circuit Court for Duval County in 1922 began on the fourth Monday in November of that year and ended before the last Monday in March, 1923. That the spring term of the Circuit Court for that county in 1923 began on the third Monday in May.

2. Where a bill of exceptions is made up and tendered to the judge trying the cause, after the adjournment of the court at which said cause was tried, and no order is made by the judge during the term at which the cause was tried extending the time for the presentation and settlement of a bill of exceptions, the so-called bill of exceptions, settled and signed under such circumstances, is not a proper nor authoritative nor legal certification to this court of the matters *in pais* during the trial of the cause.

3. The judgment of the trial court is presumed to be correct and entered in accordance with the essential requirements of the law.

## On Application for Rehearing.

In the Fourth Judicial Circuit consisting of Duval and other counties, there is a separate Circuit Judge for Duval County, and there is no presumption that when "the time for holding" the Circuit Court in another county in the circuit arrives, the term of the Circuit Court for Duval County has been adjourned, since the term of the Circuit Court in Duval County may be continued by the Circuit Judge for Duval County even though a term of the Circuit Court in another county of the circuit is being or has been held by another Circuit Judge; and when it appears by a bill of exceptions that it was authenticated during the term of the court in Duval County in which the trial was had, even though when so authenticated the time had arrived or passed for holding a term of court in another county of the circuit, the bill of exceptions may be considered by the Appellate Court, when it does not appear that the term of the court in Duval County had been duly terminated before the authentication of the bill of exceptions, or when if the court has adjourned for the term, it appears that an order extending the time for presenting the bill of exceptions for authentication after adjournment of the term, was duly made and entered and complied with as required by Rule 97 of the Circuit Court Rules.

## On Rehearing.

1. In a preliminary examination before a committing magistrate "it is a sufficient reason for holding accused to answer. that the evidence adduced on the preliminary examination shows that an offense has been committed, and that there is probable cause to believe accused to be guilty thereof; and it is not necessary that the evidence should be of such a nature as would be necessary to convict accused upon his final trial."

2. The Constitution of Florida forbids only "unreasonable searches and seizures" of "persons, houses, papers and effects."

3. Section 6029, Revised General Statutes, 1920, provides: "It shall be lawful for any sheriff, deputy sheriff, constable, city marshal, police officer or other executive officer in this State to arrest and take into custody, without a warrant, any person who, in the presence of such officer, violates any of the penal laws of this State."

4. Where an arrest without a warrant is allowed by law, as for an offense being committed or threatened in the presence of an officer authorized by law to make arrests for such offense, a reasonable search and seizure that is properly incident to a lawful arrest, may be made in a reasonable and proper manner by the officer making the lawful arrest; but the search and seizure should not be inappropriate to the reasonable requirements for making effective a lawful arrest.

5. In a preliminary examination before a committing magistrate, even though it appear that the arrest of the accused was made in an unauthorized manner, if there is sufficient legal evidence adduced of statements made by the accused at the time of his arrest, and other evidence showing evident guilt 'of the accused of the offense charged, independent of what was done by the sheriff in making the arrest, that justified the committing magistrate in committing the accused in default of bail, the accused will not be discharged on *habeas corpus.*

A Writ of Error to the Circuit Court for Duval County; Daniel A. Simmons, Judge.

Affirmed.

*Hartridge* & *Stillman,* for Plaintiff in Error;

*C. M. Cooper* and *George C. Bedell, amici curiae,* upon rehearing.

*Rivers Buford,* Attorney General, and *M. C. McIntosh,* Assistant, for Defendant in Error.

ELLIS, J.—Jack Stillman was confined in the county jail by the sheriff of Duval County under the authority of a writ of commitment, which was presumably issued by a court of competent jurisdiction, committing Stillman to the custody of the sheriff to await the action of the Criminal Court of Record for Duval County upon a charge valid in form and substance of the violation of a criminal law.

The petitioner applied to the judges of the Circuit Court for Duval County for a writ of *habeas corpus* alleging that he was confined and restrained of his liberty in the county jail of Duval County, by virtue of a certain commitment, by the Sheriff of Duval County; that a certified copy of the commitment was attached to the petition and marked exhibit "A" and by special reference prayed to be made a part of the petition. It may be noted here that no copy of any commitment was attached to the petition, so that the record does not disclose the nature and character of the crime with which the petitioner was charged.

The petition also alleges that at a preliminary hearing

before the county judge "certain testimony was adduced upon which the commitment was based," that a "copy of said testimony" was attached and marked exhibit "B" and prayed to be made a part of the petition. The copy of the testimony was not attached to the petition.

The petition alleges that petitioner "is informed by counsel and verily believes that the testimony referred to did not disclose sufficiently to find that probable cause existed to bind your petitioner over to the action of the Criminal Court of Record for Duval County, Florida, and that the action of the said Hon. John W. DuBose, County Judge, in forming such conclusions were erroneous."

A writ of *habeas corpus* was issued by Hon. Daniel A. Simmons, Circuit Judge, upon the petition, returnable February 16, 1923, at ten o'clock in the forenoon.

The cause coming on to be heard "upon the writ of *habeas corpus,* the return thereto and the evidence adduced at the trial" the court ordered the petitioner to be remanded to the custody of the sheriff. The court made an order allowing a writ of error to be taken by the petitioner.

The record shows no return made by the sheriff to the writ of *habeas corpus.*

The transcript of the record contains a bill of exceptions which recites that at a term of the Circuit Court held at Jacksonville on February 16, 1923, "sitting in chambers" the case of Jack Stillman, plaintiff, and R. E. Merritt as Sheriff of Duval County, Florida, defendant, came on to be heard. The certificate of the judge recites that on the 24th day of February, A. D. 1923, at the term aforesaid, the court rendered judgment in favor of the defendant and against the petitioner and that on the 25th day of April, A. D. 1923, the "petitioner" proposed "this his bill of exceptions" to the opinions and decisions of the judge and requested him to sign the same which he did

on the 25th day of April, A. D. 1923. There is a certificate also that the bill of exceptions contains all the testimony adduced before the judge.

The court takes judicial knowledge that the fall term of the Circuit Court for Duval County began on the fourth Monday in November, 1922, and ended before the last Monday in March, 1923. That the spring term began the third Monday in May, 1923. The bill of exceptions also recites that this case was heard by the judge in chambers on the 16th day of February, 1923, and that the order remanding the petitioner was made on the 24th day of February, 1923. The bill of exceptions was presented for settlement on the 24th day of April, 1923, but the fall term of the Circuit Court for Duval County expired by limitation of law on or before the last Monday in March.

It follows that the term of the court at which this case was heard had expired when the bill of exceptions was presented for settlement and signed by the judge.

There is no order in the record nor recital in the bill of exceptions showing that extra time was allowed after the adjournment of court for the settlement and signing of a bill of exceptions, therefore what occurred in *pais* at the hearing of this cause is not properly nor authoritatively nor legally certified to this court. See Washington v. State, 48 Fla. 62, 37 South. Rep. 573; Lamb v. State, 50 Fla. 106, 38 South. Rep. 906; Hainlin v. Budge, 56 Fla. 342, 47 South. Rep. 825; Bardin v. L'Engle, 13 Fla. 571; Webster v. Barnett, 17 Fla. 272; Potsdamer v. State of Florida, 17 Fla. 895; Bush v. State, 21 Fla. 569; Myrick v. Merritt, 21 Fla. 799; Rehfield v. Moore, 76 Fla. 378, 80 South. Rep. 52; Montgomery v. State, 54 Fla. 73, 45 South. Rep. 813; Circuit Court Law Rule No. 97.

The presumption obtains that the judgment of the Court was correct and entered in accordance with the essential

requirements of the law.   See Bailey v. Clark, 6 Fla. 516; Davis v. Horne, 57 Fla. 396; 49 South. Rep. 505; Colson v. State, 51 Fla. 19, 40 South. Rep. 183; Lewis v. State, 55 Fla. 54, 45 South. Rep. 998; Fails v. State, 60 Fla. 8, 53 South. Rep. 612; Ann. Cas. 1912-B 1146 note; Bowen v. Darby, 14 Fla. 202; Stinson v. State, 76 Fla. 421, 80 South. Rep. 506.

No question has been presented or assigned for determination upon any matter other than should be contained in an authentically prepared and certified bill of exceptions, the judgment of the court should therefore be affirmed. See Washington v. State, *supra.*

So the judgment of the court is affirmed.

TAYLOR, C. J., AND WHITFIELD, WEST AND TERRELL, J. J., concur.

On Application for Rehearing.

WHITFIELD, J.—The final order herein was affirmed upon the theory that the bill of exceptions was not presented for authentication by the trial judge during the term of the court in which the trial was had and no special order was shown for presenting a bill of exceptions after the term, no error in the record proper appearing.   It now appears that the bill of exceptions was authenticated by the trial judge before an adjournment of the term in which the trial was had.

In Barnes v. State, 68 Fla. 291, 67 South. Rep. 131, it is held that "under statutory direction that terms of a Circuit Court shall begin on certain Mondays in the several counties, the term in one county does not *ipso facto* end the Saturday at midnight preceding the Monday fixed

for the beginning of the term in another county," and that "The statute does not fix the term of the court. It merely directs that the term begin on a certain Monday, and that on the Monday succeeding this Saturday a term be held in another county of the circuit."

In cases where it has been presumed that the Circuit Court for one county had been adjourned prior to the convening of the Circuit Court in another county of the circuit, there was only one Circuit Judge in the circuit and the records did not show special action taken with reference to adjournment of the court in one county and convening in another county of the circuit. This case was tried in Duval County, which is in the Fourth Judicial Circuit.

In Duval County there were two resident Circuit Judges when this case was determined, February 24, 1923, and it does not appear that the Circuit Court for Duval County had been adjourned prior to the third Monday in April, 1923, the date fixed by the statute as "the time for holding" the spring term of the Circuit Court for Clay County in the same Judicial Circuit. Secs. 3041, 3045, Rev. Gen. Stats. 1920.

The bill of exceptions herein was presented and authenticated on April 24, 1923, without a showing of time allowed for such presentation after adjournment; but as there were two Circuit Judges in Duval County, there is no presumption that the fall term of the Circuit Court for Duval County which under the statute began on the fourth Monday in November, was duly adjourned before the third Monday in April, the time fixed by the statute for holding a term of the Circuit Court in Clay County in the same judicial circuit, since the Circuit Judge for Duval County provided for by Section 42, Art. 5 of the State Constitution was resident in Duval County and could not sit in

Clay County except by executive assignment, while it was the duty of the Judge of the Fourth Judicial Circuit and not of the Circuit Judge for Duval County to hold court in Clay County. Besides, the bill of exceptions states that the case was tried ''at a term of the Circuit Court of the . Fourth Judicial Circuit of the State of Florida for the County of Duval.'' This indicates that the fall term of the Circuit Court for Duval County had not been adjourned and the bill of exceptions was properly acted on by the Circuit Judge of the county.

Rehearing granted.

TAYLOR, C. J., AND BROWNE, WEST AND TERRELL, J. J., concur.

ELLIS, J., dissents.

## On Rehearing.

WHITFIELD, J.—The petition for writ of *habeas corpus* presented to the Circuit Judges of the Circuit Court for Duval County alleges: ''That your petitioner, Jack Stillman, is confined and restrained of his liberty in the county jail of Duval County, Florida, by virtue of a certain commitment, by the Sheriff of said Duval County, Florida, a certified copy of which commitment is hereto attached and marked exhibit 'A' and by special reference prayed to be made a part hereof. That on the 11th day of January, A. D. 1923, at a preliminary hearing before Hon. John W. DuBose, County Judge of Duval County, Florida, certain testimony was adduced upon which the commitment was based, that a copy of said testimony is hereto attached and marked exhibit 'B' and by special reference prayed

to be made a.part hereof.   That your petitioner is in-
formed by counsel and verily believes that the testimony
referred to did not disclose sufficiently to find that prob-
able cause existed to bind your petitioner over to the
action of the Criminal Court of Record for Duval County,
Florida, and that the action of the said Hon. John W.
DuBose, County Judge, in forming such conclusions were
erroneous.

The premises considered your petitioner prays that a
writ of habeas corpus do issue, directed to R. E. Merritt,
as Sheriff of Duval County, Florida, commanding him on
a day, place and time, mentioned and specified therein, to
have and produce the body of Jack Stillman or by what-
ever name the said Jack Stillman may be called or held,
together with the cause or causes of such detention, be-
fore this Honorable Court, in order that this court may
enquire into the cause or causes of such detention and to
do, take and receive whatever this court may direct, and
that your Honors enter an order discharging your peti-
tioner from further custody.''

A writ of *habeas corpus* was issued, and on hearing the
Circuit Judge made the following order:   ''This cause
coming on to be heard upon the writ of *habeas corpus,* the
return thereto and the evidence adduced at the trial, it is
ordered that the petitioner Jack Stillman, be, and is re-
manded to the custody of the Sheriff of Duval County,
and that the petitioner pay the costs of this proceeding.''

A writ of error was allowed and taken under the statute.
Sec. 3580, Rev. Gen. Stats. 1920.

It is contended that ''the Circuit Judge erred in re-
manding the petitioner to custody, as all the facts in this
case show that the evidence obtained by the sheriff upon
which he based his authority to arrest the petitioner was

obtained by him as the result of an unlawful and illegal search."

Section 3571, Revised General Statutes of Florida, 1920, provides that: "Whenever any person detained in custody, whether charged with a criminal offense or not, shall, by himself or by some other person in his behalf, apply to the Supreme Court of the State of Florida or to any justice thereof, or to any circuit judge, in vacation or in term time, for a writ of habeas corpus, and shall show by affidavit or evidence probable cause to believe that he is detained in custody without lawful authority, it shall be the duty of the court, the justice or judge to whom such application shall be made forthwith to grant the writ, signed by himself, directed to the person in whose custody the applicant is detained, and returnable immediately before such court, justice or judge, or any of said courts, justices or judges, as the writ issued may direct."

If the petition is otherwise adequate in substance to "show probable cause to believe that petitioner is detained in custody without lawful authority," so as to warrant the issuing of a writ of *habeas corpus* under the statute, the allegation that petitioner "verily believes that the testimony referred to did not disclose sufficiently to find that probable cause existed to bind your petitioner over to the action of the" trial court, "and that the action of the" committing magistrate "in forming such conclusions is erroneous," are insufficient, since *habeas corpus* does not lie for mere errors affecting the weight of the testimony, at least when there is any substantial legal evidence to sustain the judicial action complained of. In this case bail in $500.00 was fixed by the committing magistrate, and it does not appear that petitioner was hindered in availing himself of his constitutional right of bail.

However, the petitioner was remanded, and if no error

was committed therein, the question as to the sufficiency of the petition as a basis for issuing the writ need not be further adverted to.

The record does not contain a commitment or any return made by the sheriff to the writ.

Assuming that the order of commitment was upon a charge of unlawful transportation or unlawful possession of intoxicating liquors, the question to be determined is whether there is any substantial legal evidence as a predicate for the order of the committing magistrate requiring the petitioner to give bail for appearance before the trial court. The proceedings before the committing magistrate appear to have terminated as follows:

"Mr. Stillman: I move the discharge of the defendants from further custody on the ground that the State has failed to make out a case or to show probable cause why they should be held. The Court: (After argument) The motion will be denied. Mr. Stillman: How much bond? The Court: Five hundred dollars each."

"At common law the rule is, that if, upon the preliminary examination of a person accused of crime, 'it manifestly appears that either no such crime was committed, or that the suspicion entertained of the prisoner was wholly groundless, in such cases only it is lawful totally to discharge him. Otherwise he must be committed to prison or give bail.' The strict rule of the common law does not, however prevail in the modern practice in this country. Here it is a sufficient reason for holding accused to answer that the evidence adduced on the preliminary examination shows that an offense has been committed, and that there is probable cause to believe accused to be guilty thereof; and it is not necessary that the evidence should be of such a nature as would be necessary to convict accused upon his final trial." 16 C. J. 330; 1

Wharton's Crim. Proc. (10th ed.) §114.   See also 29 C. J.
63; 16 Fla. 283; 49 Fla. 126.

It appears that after ten o'clock at night the sheriff
received information that three automobiles containing
intoxicating liquors were enroute towards Jacksonville, in
Duval County; that the sheriff and deputies intercepted
the cars in Duval County and arrested the occupants, in-
cluding the petitioner who was driving one of the cars;
that all the cars contained quantities of intoxicating
liquors.   The sheriff testified before the committing magis-
trate:   ''I guess I was the first man up to Mr. Stillman's
car.   As I say, we had our car still blocked across there,
and he tried to drive around it but there were so many
of us there he had to run over somebody or stop, and he
could have gotten around all right if we hadn't been in
his way.   So I walked up to the side of the car with my
flash light, and he says, 'Hello, Sheriff,' I says, 'Hello.'   He
says, 'I am Stillman, Dick Stillman's brother.'   I says,
'You are the very man we are looking for.''   He says,
'What are you looking for me for?'   I says, 'For liquor.'
I says, 'We got the other two cars ahead of you, a lady
and two men in your party, and we have been laying here
for two hours.'   I says, 'You got a key to that back place?'
He says, 'Yes.'   I says, 'Let me have it.'   He says, 'I got
a load of liquor, no use to deny it.'   He says, 'I got a load
of liquor,' and then he told us all about those ahead of him
and all about it.   He says, 'No use to deny it, I got liquor.
Q. Sheriff, he was driving the car?   A. Yes.   Q. Did you
look in the back and see the liquor?   A. I don't think I
did.   I saw the liquor but I don't think—no, I didn't.
Q. Did you see it in the car?   A. I took it out of the car
down at the jail.   That was the same car?   A. Yes.   I
think we had to send to the jail to get the key down there.
Q. That was all in Duval County, State of Florida?   A.

Yes.   Q. Who took possession of the car at that time, which one of you?   A. I think Eddie Garcia drove that car in. Q. Was it opened up out on the road at all?   A. Judge, I don't know.   That was the last car and we were trying to get it ready to leave there.   Mr. Stillman: Mr. Shackelford said it was opened when he saw it out there.   Mr. Shackelford: No, I ddin't say that.   I said when I saw the liquor it had been opened up.   I didn't say where.   Q. Addressing Mr. Shackelford: Where did you see it opened up?   Mr. Shackelford: It was at the county jail.   I didn't walk back there to the car.   I had this lady in charge, and I didn't walk back there.   The Sheriff: He said it was in there.   We took his word for it.   The Court: You took the same car that was there to the jail and opened it? A. Yes, and he had the key in his pocket.   Q. Have you seen that liquor?   A. Yes.   (That's all.)

Cross Examination by Mr. Stillman:   Q. Did you have any warrant for this arrest, sheriff?   A. No, sir.   Q. Did you have any search warrant authorized you to search that car?   A. No, sir.   Q. Did you know there was liquor in that car until you had stopped and told him you wanted him for carrying liquor?   A. Well, I had reliable information that there was.   Q. Did you know it of your own knowledge?   A. Oh, no.   I couldn't see through that iron back there.   (That's all.)''   The intoxicating liquor found in the car was not offered in evidence.

This testimony was corroborated and not contradicted.

The Constitution forbids only ''unreasonable searches and seizures'' of ''persons, houses, papers and effects.'' See Houck v. State, 106 Ohio St. 195, 140 N. E. Rep. 112; United States v. Vantrim, 292 Fed. Rep. 497; Underhill's Crim. Ev. (3rd ed.) Sec. 746; 284 Fed. 996; 290 U. S. 761; 288 Fed. 199; 285 Fed. 145; 286 Fed. 930.

Section 6029, Revised General Statutes, 1920, provides:

"It shall be lawful for any sheriff, deputy sheriff, constable, city marshal, police officer or other executive officer in this State to arrest and take into custody, without a warrant, any person who, in the presence of such officer, violates any of the penal laws of this State."

Where an arrest without a warrant is allowed by law, as for an offense being committed or threatened in the presence of an officer authorized by law to make arrests for such offense, a reasonable search and seizure that is properly incident to a lawful arrest, may be made in a reasonable and proper manner by the officer making the lawful arrest; but the search and seizure should not be inappropriate to the reasonable requirements for making effective a lawful arrest. Haile v. Gardner, 82 Fla. 355, 91 South. Rep. 376; Agnello v. United States, 290 Fed. Rep. 671; 1 Wharton's Crim. Proc. (10th ed.) §34; State v. Quinn, — S. C. —, 97 S. E. Rep. 62, 3 A. L. R. 1500.

Even if the arrest in this case be regarded as unlawful, the statements made by the petitioner as testified to by the sheriff and others and not denied, coupled with the undisputed testimony that the petitioner was in fact transporting large quantities of intoxicating liquors, shows that an offense was being committed by the petitioner; therefore the committing magistrate was justified in ordering that bail be given for appearance at the trial court; and assuming that a proper commitment was duly issued, in default of bail, the custody of petitioner by the sheriff was lawful.

Affirmed.

TAYLOR, C. J., AND ELLIS, BROWNE, WEST AND TERRELL, J. J., concur.