L. A. HARRISON, *Appellant*, v. BAY SHORE DEVELOPMENT COMPANY, *Appellee*.

Division B.

Opinion Filed November 9, 1926.

1. The language of the statute requiring writs of error (which statute also applies to appeals) to be made returnable to a day certain, means a legal day, that is, a day upon which process may be legally served, a day upon which parties may appear in response to process and upon which entries of

judgment may be legally made and upon which execution may be legally issued. Sunday is not such a day.

2. The due record of a writ of error or an appeal to the Supreme Court is statutory service of notice thereof upon the defendants in error, and the return day should be a day on which the parties may appear in response to the notice.

3. Under the common law the period of time included within the prohibition of judicial proceedings on Sunday is from sunrise to sunset and this rule has been adopted as the law in this State.

An Appeal from the Circuit Court for Hillsborough County; F. M. Robles, Judge.

Dismissed.

*Mabry, Reaves & Carlton,* Attorneys for Appellant;

*MacFarlane, Pettingill, MacFarlane & Fowler,* Attorneys for Appellee.

Buford, J.—The appellee has filed a motion praying an order dismissing the appeal in this case upon the ground that the appeal was made returnable on the 15th day of August, 1926, which day was Sunday. Under the provisions of Section 2611, Revised General Statutes of Florida, service of process is prohibited on Sunday, except, under certain conditions therein set forth.

The statute requires that appeals shall be made returnable on a day certain within certain periods of time. It has been held by this court that Sunday in this State occupies the status of *dies non.* Barnes v. State, 68 Fla. 291, 67 South. Rep. 131.

This Court is not open for business and the office of the Clerk is not open for the transaction of Court business on Sunday.

We construe that the language of the statute requiring writ of error (which statute also applies to appeals) to be made returnable to a day certain, means a legal day, that is, a day upon which process may be legally served, a day upon which parties may appear in response to process and upon which entries of judgment may be legally made and upon which execution may be legally issued. Sunday is not such a day. 37 CYC 587; Goole v. Spencer, 5 Paige Chancery Report (N. Y.) 540; McRee v. McRee, 34 Ala. 165; Peck v. Calvell, 16 Mich. 9. The due record of a writ of error or an appeal to the Supreme Court is statutory service of notice thereof upon the defendants in error or appellees, and the return day should be a day on which the parties may appear in response to the notice.

Under the common law the period of time included within the prohibition of judicial proceedings on Sunday is from sunrise to sunset and this rule has been adopted as the law in this State.

Every litigant has the right to insist that the litigation in which he is interested be carried forward in the orderly and legal manner. The argument of the appellant that the appellee can gain nothing by reason of his motion to dismiss being granted cannot be considered as a reason why it should not be granted. The appellant has the choosing of the date upon which to make his appeal returnable; he exercised that right and having made it returnable to a date upon which it could not be legally made returnable the appellee has the legal right to insist that the appeal be declared void and the same be dismissed; although, the only logical result of such procedure is to harass and annoy

the appellant and to delay final adjudication of the cause on its merits.

The motion to dismiss is granted.

WHITFIELD AND TERRELL, J. J., concur.

ELLIS AND STRUM, J. J., concur in the opinion.

BROWN, C. J., dissents.