HORTON, Chief Judge.
The defendant seeks review by interlocutory appeal of an order denying his motion to quash service of process and relies upon two grounds for reversal, i. e., (1) whether under the circumstances of this case service of process on Sunday was legally effective; and (2) whether personal service of process upon a non-resident defendant, who had allegedly been enticed into the jurisdiction of the court, was legally sufficient.
From the affidavits of both parties and the exhibits attached thereto, it appears that the plaintiff, in the company of her attorney, went to the chancellor’s home at 11:30 p. m., on Saturday, March 12, 1960, at which time her complaint for declaratory decree was filed. By this complaint, the plaintiff charged, inter alia:
“That by virtue of the impending departure of the Defendant, Frank E. Harden, from the jurisdiction of this Court that this Court issue an emergency, after hours, Order, providing for the Sheriff’s Department to serve Frank E. Harden, the defendant herein, the Summons, Verified Com *125 plaint and this Court’s Order of Temporary Injunction in this cause.”
whereupon the chancellor issued an order in which he found that:
“ * * * upon the sworn complaint of the Plaintiff, Jean H. Harden, in the above entitled cause and in view of the verified representation presented to this Court that the Defendant, Frank E. Harden, designs quickly to go into parts without this State and beyond the jurisdiction of this Court, and being otherwise fully advised in the premises; it is, upon consideration,
“Ordered, adjudged and decreed, as follows:
“That the Sheriff’s Department shall forthwith serve including Sunday upon the Defendant, Frank E. Harden, the Summons, Verified Complaint, and this Court’s Order of Temporary Injunction in this cause.”
The sheriff’s return indicates that service was had upon the defendant at 1:00 a. m., on Sunday, March 13, 1960.
Under the common law, Sundays are dies non juridices — non judicial days— and the offices of the courts are not open on these days. It appears that prior to § 47.46, Fla.Stat., F.S.A., this common-law rule was in effect in Florida. See Harrison v. Bay Shore Development Co., 92 Fla. 875, 111 So. 128; Brooks v. Miami Bank & Trust Co., 115 Fla. 141, 155 So. 157. This statute, however, contains a provision allowing service or execution on Sunday which is in derrogation of the comon law and should be strictly construed and complied with. Cf. Reynolds v. Harrison, 90 Fla. 834, 106 So. 909; Tibbitts v. Olson, 91 Fla. 824, 108 So. 679; Lendsay v. Cotton, Fla.App.1960, 123 So.2d 745.
Section 47.46, supra, dealing with service of process, etc., on Sunday, provides in part as follows:
“Service or execution upon Sunday, of any writ, process or warrant, order, judgment or decree, shall he void to all intents and purposes whatever; * * however, if information shall be made by the oaths of two respectable persons to any fudge or justice of the peace or magistrate of any corporate town, that they have good reason to believe that any person liable to have any such process, warrant, order, judgment or decree served upon him intends to withdraw himself, and escape from this state under cover of protection of Sunday, cmy officer duly authorized may, being furnished with a certificate of such information upon oath as aforesaid, under the hand of the judge, justice of the peace or magistrate as aforesaid, serve or execute such process, warrant, order, judgment or decree, on Sunday, which shall be as valid and effectually done, to all legal intents and purposes, as if the same had been done on any other day of the week.” [Emphasis supplied.]
The record does not contain any showing that two respectable persons made informations by oath as required by the statute, nor does the chancellor’s order indicate that such oaths were made. Assuming without deciding that the recitations in the chancellor’s order directing service might have been sufficient to establish that oaths had been made, nevertheless, the order would have been ineffective for the purposes intended by reason of its failure to recite that the persons who made the oaths before the chancellor had good reason to believe that the defendant intended to withdraw himself and escape from the state “under cover of protection of Sunday.”
In the absence of a showing of compliance with the requirements of the statute necessary to the validity of service of process on Sunday, we conclude that the service was void. Having reached a conclusion that the attempted service of process was void for failure to comply with the applicable provisions of § 47.46, supra, we deem *126 it unnecessary to consider and decide the second point raised by the appellant.
Accordingly, the order appealed is reversed.
CARROLL, CHAS., J., concurs.
PEARSON, J., concurs in the decision.